# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NORTHWEST BANCORPORATION | ) Case No. 15-15245 (CAD) |
| OF ILLINOIS, INC.,[1] | ) |
| | ) |
| Debtor. | ) |
| | ) |

## DECLARATION OF BRAD WEILAND OF KIRKLAND & ELLIS LLP REGARDING THE MAILING, VOTING, AND TABULATION OF BALLOTS ACCEPTING AND REJECTING THE DEBTOR'S PREPACKAGED PLAN OF REORGANIZATION

I, Brad Weiland, declare and state under the penalty of perjury:

1.      I am a partner of Kirkland & Ellis LLP ("K&E"), whose business address is 300 North LaSalle, Chicago, Illinois 60654.  I am over the age of 18 and not a party to this action.

2.      I and others under my supervision worked with Northwest Bancorporation of Illinois, Inc. (the "Debtor") to administer the solicitation of votes to accept or reject the *Debtor's Prepackaged Plan of Reorganization* (the "Plan"), and to tabulate the Ballots of creditors voting to accept or reject the Plan.  Except as otherwise noted, I could and would testify to the following based upon my personal knowledge.  I am authorized to submit this declaration on behalf of the Debtor and K&E.

---

[1]    The Debtor in this chapter 11 case is Northwest Bancorporation of Illinois, Inc.; the last four digits of the Debtor's federal tax identification number are:  0422.  The location of the Debtor's headquarters and the service address for the Debtor is:  300 East Northwest Highway, Palatine, Illinois 60067.

**Service and Transmittal of Solicitation Packages and the Tabulation Process**

3.       The Debtor established March 30, 2015, as the record date for determining which creditors were entitled to vote on the Plan.  Pursuant to the Plan, only holders of Class 3 TruPS Claims were entitled to vote to accept or reject the Plan.  No other Classes were entitled to vote on the Plan.

4.       With respect to the Class 3 TruPS Claims, K&E utilized the Debtor's records and mailed the solicitation package to all registered holders and known beneficial holders of Class 3 TruPS Claims, as well as all known indenture trustees for the debentures issued by the Debtor in relation to the TruPS Claims.

5.       On April 1, 2015, in accordance with the solicitation procedures set forth in the disclosure statement for the Plan (the "Disclosure Statement"), K&E served or caused to be served the following solicitation package on each of the parties described above via certified mail:

    a.       a ballot, which included instructions for completing such ballot; and

    b.       the Disclosure Statement, including the Plan itself and all other exhibits.

6.       All ballots were required to be delivered to K&E so as to be received by K&E no later than April 28, 2015, at 5:00 p.m., prevailing Central Time (the "Voting Deadline").

7.       K&E received and tabulated the ballots in accordance with the tabulation procedures set forth in the Disclosure Statement.  Set forth below is a true and correct summary of voting results:

2

**Ballot Report**

| Accept | | Reject | |
|---|---|---|---|
| Amount | Number | Amount | Number |
| $36,263,958.42 | 2 | $0.00 | 0 |
| 100.00% | 100.00% | 0.00% | 0.00% |

8.     True and correct copies of the tabulated ballots are attached hereto as **Exhibit A-1** and **Exhibit A-2**.

9.     In addition, K&E received one ballot from a party the Debtor believes, on information and belief, holds certificates in Preferred Term Securities XXIII, Ltd. (the beneficial holder of certain TruPS Claims).  As this party does not hold a Class 3 TruPS Claim itself, this ballot was disregarded for voting and tabulation purposes.  A true and correct copy of this ballot is attached hereto as **Exhibit B**.  I hereby certify that all other ballots received were counted as set forth in the above tabulation.

10.     Based on the information set forth above, the Plan has received sufficient acceptance to be confirmed.

11.     To the best of my knowledge, information, and belief, the foregoing information concerning the distribution, submission, and tabulation of ballots in connection with the Plan is true.

Dated:  April 29, 2015          */s/ Brad Weiland*
Chicago, Illinois                Brad Weiland
                                 **KIRKLAND & ELLIS LLP**
                                 300 North LaSalle
                                 Chicago, Illinois 60654
                                 Telephone:     (312) 862-2000
                                 Facsimile:     (312) 862-2200

**Exhibit A-1**

**BALLOT FOR ACCEPTING OR REJECTING**
**THE DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION**

---

**CLASS 3—TRUPS CLAIMS**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR**
**COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THE BALLOT**

**THIS BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE DEBTOR BY 5:00 P.M.,**
**PREVAILING CENTRAL TIME, ON APRIL 28, 2015 (THE "<u>VOTING DEADLINE</u>")**

---

Northwest Bancorporation of Illinois, Inc. (the "<u>Company</u>") has sent this Ballot to you because our records indicate that, as of March 30, 2015 (the "<u>Voting Record Date</u>"), you are a Holder of a Class 3 TruPS Claim and, accordingly, you have a right to vote to accept or reject the *Debtor's Chapter 11 Plan of Reorganization* (as may be further amended or supplemented from time to time and including all exhibits or supplements thereto, the "<u>Plan</u>"), which is subject to Bankruptcy Court approval and which provides for a comprehensive restructuring of the Company's pre-bankruptcy obligations and maximizes recoveries available to all constituents.[1]

Your rights are described in the *Disclosure Statement for Debtor's Chapter 11 Plan of Reorganization*, dated March 31, 2015 (as may be further amended or supplemented from time to time and including all exhibits or supplements thereto, the "<u>Disclosure Statement</u>").  The Disclosure Statement and the Plan are contained in the packet you are receiving with this Ballot. If you have any questions regarding any of the solicitation materials you have received or need to obtain additional solicitation materials, you may contact proposed counsel to the Debtor, Kirkland & Ellis LLP (the "<u>K&E</u>") by (a) writing to K&E at Northwest Bancorporation of Illinois, Inc., c/o Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: David R. Seligman, P.C. and Brad Weiland, or (b) calling K&E at (312) 862-2000 within the U.S. or Canada.

This Ballot may not be used for any purpose other than to vote to accept or reject the Plan.  If you believe you have received this Ballot in error, please contact K&E at the address or telephone number set forth above.

*You should carefully review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been classified as a Class 3 TruPS Claim under the Plan.*

**Please note that <u>only</u> those Holders of Claims in Class 3 TruPS Claims that are considered an accredited investor, as that term is defined by the Securities and Exchange**

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan and the Disclosure Statement (as such terms are defined in this Ballot), as applicable.

Commission for the purposes of rule 506 of Regulation D promulgated under the United States Securities Act of 1933 are entitled to vote on the Plan.

If K&E does not receive your Ballot on or before the Voting Deadline, which is 5:00 p.m., prevailing Central Time, on April 28, 2015, then unless the Company determines (such determination subject to the reasonable consent of the Required Consenting Secured Parties), your vote will not count.  **If the Court confirms the Plan and the Plan becomes effective, it will bind you regardless of whether you vote.**

**Item 1.** Amount of Class 3 TruPS Claim

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of a Class 3 TruPS Claim for the following amount:

$ _17,000,000_  (PRINCIPAL ONLY / DOES NOT INCLUDE ACCRUED INTEREST)

**OR**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of a Class 3 TruPS Claim (including any accrued and unpaid interest thereon) in the principal amount of:

$ _____

**Item 2.**  Vote on Plan

The Holder of the Class 3 TruPS Claim set forth in Item 1 votes to (*please check one*):

| ACCEPT THE PLAN | REJECT THE PLAN |
|:---:|:---:|
| ☑ | ☐ |

Any Ballot that is executed by the Holder of a Class 3 TruPS Claim, but that indicates both an acceptance and a rejection of the Plan or does not indicate either an acceptance or rejection of the Plan, will not be counted.

2

**Item 3.** **TruPS Election**

As a Holder of Class 3 TruPS Claims you have the option to make the TruPS Election.[2] In order to make the TruPS Election you must check the box below:



By checking the box above and making the TruPS Election, you are ***irrevocably choosing to***:

*forego any rights to a portion of the Non-Electing TruPS Distribution* and agree that any distribution to you under the Plan will be expressly subordinated to the distributions to Holders of TruPS Claims that do ***not*** make the TruPS Election; ***and***

*receive, in full and final satisfaction, settlement, release, and discharge* of and in exchange for all but not less than all of your Allowed TruPS Claims, your Pro Rata share (based on the amount of your Allowed TruPS Claim relative to the Allowed TruPS Claim of any other Holder that makes the above TruPS Election) of the Electing TruPS Distribution; ***and***

*fund in Cash* your Pro Rata share (based on the amount of your Allowed TruPS Claims relative to the Allowed TruPS Claims of any other Holder of TruPS Claims that makes the above TruPS Election) of the Plan Funding TruPS Contribution.[3]

**THE TRUPS ELECTION MADE PURSUANT TO THIS BALLOT SHALL BE BINDING ON THE UNDERSIGNED HOLDER OF THE CLASS 3 TRUPS CLAIMS SET FORTH IN ITEM 1 OR ANY SUBSEQUENT TRANSFEREE THEREOF.**

---

[2]    The TruPS Election or failure to make the TruPS Election shall be irrevocable by any Entity, including the Debtor and the Holder of the TruPS Claim making or failing to make such election.

[3]    Each Electing TruPS Holder shall be required to place its Pro Rata portion of the Plan Funding TruPS Contribution in the Plan Funding Escrow on or before April 28, 2015. Failure to make the payment on or before April 28, 2015 will invalidate any TruPS Election. Any Holder of TruPS Claims that makes the TruPS Election by checking the box above but fails to make the payment into the Plan Funding Escrow by April 28, 2015 shall irrevocably result in such Holder of TruPS Claim to be deemed to have elected to not make the TruPS Election.

KE 35297794

## IMPORTANT INFORMATION REGARDING
## THE RELEASE BY HOLDERS OF CLAIMS AND INTERESTS

If you (a) vote to <u>accept</u> the Plan or (b) <u>abstain</u> from voting on the Plan and <u>do not opt-out</u> of the releases provided by the Plan, you are automatically deemed to consent to the Plan's release by Holders of Claims and Interests described in item 4, below.

If you (a) vote to <u>reject</u> the Plan or (b) <u>abstain</u> from voting and <u>opt-out</u> of the releases provided by the Plan, you are not bound by the Plan's release by Holders of Claims and Interests described in item 4, below.

<u>Item 4</u>. Article VIII.D of the Plan provides for the following release by Holders of Claims and Interests.

Notwithstanding anything contained herein to the contrary, on the Confirmation Date and effective as of the Effective Date and to the fullest extent authorized by applicable law, the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged the Third Party Releasees from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims, asserted on behalf of the Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, or otherwise, that such entity would have been legally entitled to assert (whether individually or collectively), based on or in any way relating to, or in any manner arising from, in whole or in part, the Debtor, First Bank, the Debtor's restructuring, the Chapter 11 Case, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Case, the negotiation, formulation, or preparation of the Plan, the Stock Purchase Agreement, the related Disclosure Statement, the related Plan Supplement, or related agreements, instruments, or other documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct or gross negligence. Notwithstanding anything to the contrary in the foregoing, the release set forth above does not release any obligations arising on or after the Effective Date of any party under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Third Party Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Third Party Release is:

**(1) in exchange for the good and valuable consideration provided by the Third Party Releasees; (2) a good faith settlement and compromise of the Claims released by this** Error! Reference source not found.**; (3) in the best interests of the Debtor, its Estate, and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any Entity granting a Third Party Release from asserting any claim or Cause of Action released pursuant to the Third Party Release.**

**IF YOU HAVE ABSTAINED FROM VOTING BUT WISH TO OPT-OUT OF THE RELEASE BY HOLDERS OF CLAIMS AND INTERESTS, YOU <u>MUST</u> CHECK THE BOX BELOW:**

☐   **<u>REJECT</u> THE RELEASE BY HOLDERS OF CLAIMS AND INTERESTS**

<u>Item 5</u>.  **Certifications**

By signing this Ballot, the undersigned certifies that:

1.  as of the Voting Record Date, the undersigned is either (a) the Holder of the Class 3 (s) being voted or (ii) an authorized signatory for the Holder of the Class 3 (s) being voted;

2.  the Holder has received a copy of the Disclosure Statement and the Plan and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

3.  the Holder has cast the same vote with respect to all Class 3 TruPS Claims;

4.  the Holder is an accredited investor, as that term is defined by the Securities and Exchange Commission for the purposes of Rule 506 of Regulation D promulgated under the United States Securities Act of 1933;

5.  no other Ballots with respect to the amount of the Class 3 TruPS Claims (s) identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claims(s), then any such Ballots dated earlier are hereby revoked;

6.  the Holder acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of such Holder's Class 3 TruPS Claims (s);

7.  the Holder understands and, if accepting the Plan, agrees with the treatment provided for its Claims(s) under the Plan; and

8.  the Holder acknowledges and agrees that the Company may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019 as may be reasonably necessary; *provided*, that the Company will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes.

*[Signature Page Follows]*

2

Name of Holder: HOLDCO OPPORTUNITIES FUND, L.P

(Please print or type)

Social Security Number or Federal Tax
Identification Number: 80-0965561

Signature: *[signature]*

Name of Signatory: VIKARAN GHEI

(If other than Holder)[1]

Title: MEMBER, HOLDCO ASSET MANAGEMENT

Address: SUITE 1201

32 BROADWAY

NEW YORK, NY 10004

Date Completed: 4/8/15

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT
AND RETURN IT PROMPTLY.**

**BALLOTS MUST BE <u>ACTUALLY RECEIVED</u> BY K&E BY THE VOTING
DEADLINE, WHICH IS 5:00 P.M. PREVAILING
CENTRAL TIME, ON APRIL 28, 2015, USING
THE FOLLOWING DELIVERY METHODS:**

**If by Mail to:**

**Northwest Bancorporation of Illinois, Inc.
c/o Kirkland & Ellis LLP
Attn: Brad Weiland
300 North LaSalle Street
Chicago, IL 60654**

**If by E-Mail to:**

**brad.weiland@kirkland.com**

**If by Fax:**

**(312) 862-2200**

---

[1]    If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing.  You may be required to provide additional information or documentation with respect to such relationship.

3

**Exhibit A-2**

**BALLOT FOR ACCEPTING OR REJECTING
THE DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION**

---

**CLASS 3—TRUPS CLAIMS**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR
COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THE BALLOT**

**THIS BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE DEBTOR BY 5:00 P.M.,
PREVAILING CENTRAL TIME, ON APRIL 28, 2015 (THE "<u>VOTING DEADLINE</u>")**

---

Northwest Bancorporation of Illinois, Inc. (the "<u>Company</u>") has sent this Ballot to you because our records indicate that, as of March 30, 2015 (the "<u>Voting Record Date</u>"), you are a Holder of a Class 3 TruPS Claim and, accordingly, you have a right to vote to accept or reject the *Debtor's Chapter 11 Plan of Reorganization* (as may be further amended or supplemented from time to time and including all exhibits or supplements thereto, the "<u>Plan</u>"), which is subject to Bankruptcy Court approval and which provides for a comprehensive restructuring of the Company's pre-bankruptcy obligations and maximizes recoveries available to all constituents.[1]

Your rights are described in the *Disclosure Statement for Debtor's Chapter 11 Plan of Reorganization*, dated March 31, 2015 (as may be further amended or supplemented from time to time and including all exhibits or supplements thereto, the "<u>Disclosure Statement</u>"). The Disclosure Statement and the Plan are contained in the packet you are receiving with this Ballot. If you have any questions regarding any of the solicitation materials you have received or need to obtain additional solicitation materials, you may contact proposed counsel to the Debtor, Kirkland & Ellis LLP (the "<u>K&E</u>") by (a) writing to K&E at Northwest Bancorporation of Illinois, Inc., c/o Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: David R. Seligman, P.C. and Brad Weiland, or (b) calling K&E at (312) 862-2000 within the U.S. or Canada.

This Ballot may not be used for any purpose other than to vote to accept or reject the Plan. If you believe you have received this Ballot in error, please contact K&E at the address or telephone number set forth above.

*You should carefully review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been classified as a Class 3 TruPS Claim under the Plan.*

**Please note that <u>only</u> those Holders of Claims in Class 3 TruPS Claims that are considered an accredited investor, as that term is defined by the Securities and Exchange**

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan and the Disclosure Statement (as such terms are defined in this Ballot), as applicable.

**Commission for the purposes of rule 506 of Regulation D promulgated under the United States Securities Act of 1933 are entitled to vote on the Plan.**

If K&E does not receive your Ballot on or before the Voting Deadline, which is 5:00 p.m., prevailing Central Time, on April 28, 2015, then unless the Company determines (such determination subject to the reasonable consent of the Required Consenting Secured Parties), your vote will not count. **If the Court confirms the Plan and the Plan becomes effective, it will bind you regardless of whether you vote.**

**Item 1. Amount of Class 3 TruPS Claim**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of a Class 3 TruPS Claim for the following amount:

$ _____

**OR**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of a Class 3 TruPS Claim (including any accrued and unpaid interest thereon) in the principal amount of:

$ 6,000,000_____

**Item 2. Vote on Plan**

The Holder of the Class 3 TruPS Claim set forth in Item 1 votes to (*please check one*):

| **ACCEPT THE PLAN** | **REJECT THE PLAN** |
|:---:|:---:|
| [X] | [ ] |

Any Ballot that is executed by the Holder of a Class 3 TruPS Claim, but that indicates both an acceptance and a rejection of the Plan or does not indicate either an acceptance or rejection of the Plan, will not be counted.

KE 35297794

<u>Item 3</u>.  **TruPS Election**

As a Holder of Class 3 TruPS Claims you have the option to make the TruPS Election.[2] In order to make the TruPS Election you must check the box below:

<div style="border:1px solid;text-align:center">

**TRUPS ELECTION**

$\boxed{\text{X}}$

</div>

By checking the box above and making the TruPS Election, you are ***irrevocably choosing to***:

> ***forego any rights to a portion of the Non-Electing TruPS Distribution*** and agree that any distribution to you under the Plan will be expressly subordinated to the distributions to Holders of TruPS Claims that do ***not*** make the TruPS Election; ***and***

> ***receive, in full and final satisfaction, settlement, release, and discharge*** of and in exchange for all but not less than all of your Allowed TruPS Claims, your Pro Rata share (based on the amount of your Allowed TruPS Claim relative to the Allowed TruPS Claim of any other Holder that makes the above TruPS Election) of the Electing TruPS Distribution; ***and***

> ***fund in Cash*** your Pro Rata share (based on the amount of your Allowed TruPS Claims relative to the Allowed TruPS Claims of any other Holder of TruPS Claims that makes the above TruPS Election) of the Plan Funding TruPS Contribution.[3]

**THE TRUPS ELECTION MADE PURSUANT TO THIS BALLOT SHALL BE BINDING ON THE UNDERSIGNED HOLDER OF THE CLASS 3 TRUPS CLAIMS SET FORTH IN ITEM 1 OR ANY SUBSEQUENT TRANSFEREE THEREOF.**

---

[2]    The TruPS Election or failure to make the TruPS Election shall be irrevocable by any Entity, including the Debtor and the Holder of the TruPS Claim making or failing to make such election.

[3]    Each Electing TruPS Holder shall be required to place its Pro Rata portion of the Plan Funding TruPS Contribution in the Plan Funding Escrow on or before April 28, 2015.  Failure to make the payment on or before April 28, 2015 will invalidate any TruPS Election.  Any Holder of TruPS Claims that makes the TruPS Election by checking the box above but fails to make the payment into the Plan Funding Escrow by April 28, 2015 shall irrevocably result in such Holder of TruPS Claim to be deemed to have elected to not make the TruPS Election.

3

## IMPORTANT INFORMATION REGARDING
## THE RELEASE BY HOLDERS OF CLAIMS AND INTERESTS

If you (a) vote to <u>accept</u> the Plan or (b) <u>abstain</u> from voting on the Plan and <u>do not opt-out</u> of the releases provided by the Plan, you are automatically deemed to consent to the Plan's release by Holders of Claims and Interests described in item 4, below.

If you (a) vote to <u>reject</u> the Plan or (b) <u>abstain</u> from voting and <u>opt-out</u> of the releases provided by the Plan, you are not bound by the Plan's release by Holders of Claims and Interests described in item 4, below.

<u>Item 4</u>. Article VIII.D of the Plan provides for the following release by Holders of Claims and Interests.

Notwithstanding anything contained herein to the contrary, on the Confirmation Date and effective as of the Effective Date and to the fullest extent authorized by applicable law, the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged the Third Party Releasees from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims, asserted on behalf of the Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, or otherwise, that such entity would have been legally entitled to assert (whether individually or collectively), based on or in any way relating to, or in any manner arising from, in whole or in part, the Debtor, First Bank, the Debtor's restructuring, the Chapter 11 Case, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Case, the negotiation, formulation, or preparation of the Plan, the Stock Purchase Agreement, the related Disclosure Statement, the related Plan Supplement, or related agreements, instruments, or other documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct or gross negligence. Notwithstanding anything to the contrary in the foregoing, the release set forth above does not release any obligations arising on or after the Effective Date of any party under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Third Party Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Third Party Release is:

**(1) in exchange for the good and valuable consideration provided by the Third Party Releasees; (2) a good faith settlement and compromise of the Claims released by this** Error! Reference source not found.**; (3) in the best interests of the Debtor, its Estate, and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any Entity granting a Third Party Release from asserting any claim or Cause of Action released pursuant to the Third Party Release.**

**IF YOU HAVE ABSTAINED FROM VOTING BUT WISH TO OPT-OUT OF THE RELEASE BY HOLDERS OF CLAIMS AND INTERESTS, YOU <u>MUST</u> CHECK THE BOX BELOW:**

☐    <u>**REJECT**</u> **THE RELEASE BY HOLDERS OF CLAIMS AND INTERESTS**

<u>**Item 5**</u>.  **Certifications**

By signing this Ballot, the undersigned certifies that:

1. as of the Voting Record Date, the undersigned is either (a) the Holder of the Class 3 (s) being voted or (ii) an authorized signatory for the Holder of the Class 3 (s) being voted;

2. the Holder has received a copy of the Disclosure Statement and the Plan and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

3. the Holder has cast the same vote with respect to all Class 3 TruPS Claims;

4. the Holder is an accredited investor, as that term is defined by the Securities and Exchange Commission for the purposes of Rule 506 of Regulation D promulgated under the United States Securities Act of 1933;

5. no other Ballots with respect to the amount of the Class 3 TruPS Claims (s) identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claims(s), then any such Ballots dated earlier are hereby revoked;

6. the Holder acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of such Holder's Class 3 TruPS Claims (s);

7. the Holder understands and, if accepting the Plan, agrees with the treatment provided for its Claims(s) under the Plan; and

8. the Holder acknowledges and agrees that the Company may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019 as may be reasonably necessary; *provided*, that the Company will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes.

*[Signature Page Follows]*

2

Name of Holder: OSK, LLC
(Please print or type)

Social Security Number or Federal Tax
Identification Number 27-1321554

Signature: _____

Name of Signatory: Adam Bernier
(If other than Holder)[1]

Title: Managing Director, Chief Operating Officer

Address: 4121 West 50th Street, Suite 300

Edina, MN 55424

Date Completed: April 24, 2015

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT
AND RETURN IT PROMPTLY.**

**BALLOTS MUST BE <u>ACTUALLY RECEIVED</u> BY K&E BY THE VOTING
DEADLINE, WHICH IS 5:00 P.M. PREVAILING
CENTRAL TIME, ON APRIL 28, 2015, USING
THE FOLLOWING DELIVERY METHODS:**

**If by Mail to:**

**Northwest Bancorporation of Illinois, Inc.
c/o Kirkland & Ellis LLP
Attn: Brad Weiland
300 North LaSalle Street
Chicago, IL 60654**

**If by E-Mail to:**

**brad.weiland@kirkland.com**

**If by Fax:**

**(312) 862-2200**

---

[1]    If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing. You may be required to provide additional information or documentation with respect to such relationship.

KE 35297794

## INSTRUCTIONS FOR COMPLETING BALLOTS

1.   The Company is soliciting the votes of Holders of Claims with respect to the Plan. Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan or the Disclosure Statement, as applicable.

2.   The Court may confirm the Plan and thereby bind you by the terms of the Plan.  Please review the Disclosure Statement for more information.

3.   To ensure that your vote is counted, you must:  (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot; and (c) sign and deliver your Ballot to K&E in accordance with these Ballot Instructions. The Voting Deadline for the receipt of Ballots by K&E is 5:00 p.m., prevailing Central Time, on April 28, 2015.  Your completed Ballot must be **ACTUALLY RECEIVED** by K&E on or before the Voting Deadline.

4.   You have the option to select either the default TruPS Claims treatment or make the TruPS Election, and subject to the terms and conditions of the Plan.  Unless you check the box in **Item 3**, you will be deemed to have selected the default TruPS Claims treatment.  Refer to **Item 3** for more details on the consequences of making the TruPS Election.

5.   You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.  Further, if a Holder has multiple Claims within the same Class, the Company may, in its discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

6.   If you choose to abstain from voting your Claims but wish to opt-out of the release by Holders of Claims and Interests provided by the Plan, you may not vote to accept or reject the plan, must indicate your intent to opt-out of the third party release on the Ballot, and return the Ballot to K&E in accordance with these instructions by the Voting Deadline.

7.   If a Ballot is received after the Voting Deadline, it will not be counted unless the Company determines otherwise (such determination subject to the reasonable consent of the Required Consenting Secured Parties).  The method of delivery of Ballots to K&E is at the election and risk of each Holder of a Claim or Interest.  Except as otherwise provided herein, such delivery will be deemed made only when K&E actually receives the originally executed Ballot.  Instead of effecting delivery by mail, overnight courier, hand delivery, or facsimile, it is recommended, though not required, that Holders effect delivery by electronic mail to bweiland@kirkland.com.  Ballots delivered by electronic mail must be electronic scans formatted in portable document format (PDF).  In all cases, Holders should allow sufficient time to assure timely delivery.  Delivery of a Ballot to K&E by any other electronic means (other than electronic mail to bweiland@kirkland.com) shall not be valid.  No Ballot should be sent to the Company,

4

the Company's agents (other than K&E), or any other entity, and if so sent will not be counted unless the Company determines otherwise in its sole discretion.

8.    If multiple Ballots are received from the same Holder of Claims with respect to the same Claims prior to the Voting Deadline, the last dated valid Ballot timely received will supersede and revoke any earlier dated Ballots.

9.    The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan or to abstain from voting and opt-out of the release by Holders of Claims and Interests provided by the Plan.

10.    This Ballot does not constitute, and shall not be deemed to be:  (a) a Proof of a Claim or Interest; or (b) an assertion or admission of a Claim or Interest.

11.    Please be sure to sign and date your Ballot.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you should indicate such capacity when signing and, if requested by K&E or the Company, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and electronic mail address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

12.    If you hold Claims more than one Class, you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you received.

13.    The following Ballots shall not be counted in determining the acceptance or rejection of the Plan:  (a) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claims; (b) any Ballot not actually received by K&E by the Voting Deadline, unless otherwise determined by the Company (such determination subject to the reasonable consent of the Required Consenting Secured Parties); (c) any unsigned Ballot; (d) any Ballot that does not contain an original or authenticated signature; (e) any Ballot that partially rejects and partially accepts the Plan; (f) any Ballot not marked to accept, reject, or abstain from voting on the Plan or marked to both accept and reject the Plan; and (g) any Ballot superseded by a later, timely submitted valid Ballot.

14.    If you believe you have received the wrong Ballot, you should contact K&E immediately at (312) 862-2000 within the U.S. or Canada.

<div align="center">**PLEASE DELIVER YOUR BALLOT PROMPTLY!**</div>

<div align="center">**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT KIRKLAND & ELLIS LLP AT (312) 862-2000.**</div>

<div align="center">5</div>

**Exhibit B**

## ANNEX A

### BALLOT

#### PREFERRED TERM SECURITIES XXIII, LTD.
#### PREFERRED TERM SECURITIES XXIII, INC.

**PLEASE RETURN THIS BALLOT BY MAIL OR E-MAIL BY 5:00 P.M. (EASTERN TIME) ON MONDAY, APRIL 27, 2015, TO THE BANK OF NEW YORK MELLON AT THE ADDRESS AND E-MAIL ADDRESS BELOW:**

> The Bank of New York Mellon
> 525 William Penn Place, 8th Floor
> Pittsburgh, PA 15259
> Attn: Global Corporate Trust – Preferred Term Securities XXIII, Ltd.
> Electronic mail address: trupsdefault@bnymellon.com

Reference is hereby made to that certain Indenture dated as of September 21, 2006 (as amended, modified or supplemented from time to time, the "Indenture"), among PREFERRED TERM SECURITIES XXIII, LTD., as issuer, PREFERRED TERM SECURITIES XXIII, INC., as co-issuer (and together with the issuer, the "Issuer"), and THE BANK OF NEW YORK MELLON (f/k/a The Bank of New York), as indenture trustee (the "Trustee") and (ii) that certain Notice of Bankruptcy Plan and Direction Request dated as of April 20, 2015 (the "Notice"), from the Trustee to the Holders. Capitalized terms used herein and not otherwise defined herein shall have the meanings assigned to such terms in the Indenture or the Notice, as applicable.

This is to certify that the Person identified below on Addendum 1 was a Holder as of March 30, 2015 (the "Record Date"), of the Principal Amount of Notes specified below.

IN ADDITION TO COMPLETING THIS BALLOT AND COMPLETING AND SIGNING THE PROOF OF OWNERSHIP FORM ATTACHED HERETO AS ADDENDUM 1, PLEASE CLEARLY INSERT THE OUTSTANDING AMOUNT OF NOTES THAT YOU HOLD AND/OR ARE AUTHORIZED TO VOTE.

**PRINCIPAL AMOUNT OF CLASS A-FP NOTES HELD:**
ORIGINAL AMOUNT:                                         $_____
CURRENT AMOUNT:                                          $_____
CUSIP/ISIN:                                              _____

**PRINCIPAL AMOUNT OF CLASS A-1 NOTES HELD:**
ORIGINAL AMOUNT:                                         $_____
CURRENT AMOUNT:                                          $_____
CUSIP/ISIN:                                              _____

**PRINCIPAL AMOUNT OF CLASS A-2 NOTES HELD:**
ORIGINAL AMOUNT:                                         $_____
CURRENT AMOUNT:                                          $_____
CUSIP/ISIN:                                              _____

**PRINCIPAL AMOUNT OF CLASS B-FP NOTES HELD:**
ORIGINAL AMOUNT:                                         $_____
CURRENT AMOUNT:                                          $_____
CUSIP/ISIN:                                              _____

**PRINCIPAL AMOUNT OF CLASS B-1 NOTES HELD:**
ORIGINAL AMOUNT:                                         $_____
CURRENT AMOUNT:                                          $_____
CUSIP/ISIN:                                              _____

**PRINCIPAL AMOUNT OF CLASS B-2 NOTES HELD:**
ORIGINAL AMOUNT:                                         $_____
CURRENT AMOUNT:                                          $_____
CUSIP/ISIN:                                              _____

**PRINCIPAL AMOUNT OF CLASS C-FP NOTES HELD:**
ORIGINAL AMOUNT:                                         $_____
CURRENT AMOUNT:                                          $_____
CUSIP/ISIN:                                              _____

**PRINCIPAL AMOUNT OF CLASS C-1 NOTES HELD:**
ORIGINAL AMOUNT:                                         $_____
CURRENT AMOUNT:                                          $_____
CUSIP/ISIN:                                              _____

**PRINCIPAL AMOUNT OF CLASS C-2 NOTES HELD:**
ORIGINAL AMOUNT:                                         $_____
CURRENT AMOUNT:                                          $_____
CUSIP/ISIN:                                              _____

**PRINCIPAL AMOUNT OF CLASS D-FP NOTES HELD:**
ORIGINAL AMOUNT:                                         $_____
CURRENT AMOUNT:                                          $_____
CUSIP/ISIN:                                              _____

**PRINCIPAL AMOUNT OF CLASS D-1 NOTES HELD:**
ORIGINAL AMOUNT:                          $ __1,000,000.__
CURRENT AMOUNT:                           $ __1,155,085.32__
CUSIP/ISIN:                               ____74043AAW1____

**PRINCIPAL AMOUNT OF INCOME NOTES HELD:**
ORIGINAL AMOUNT:                          $_____
CURRENT AMOUNT:                           $_____
CUSIP/ISIN:                               _____

     **The undersigned Holder of the Notes as of the Record Date (March 30, 2015) hereby (please check ONE box only):**

☐     **consents to the terms and conditions of the Plan and directs the Trustee TO ACCEPT the Plan (and execute the Northwest Ballot to evidence such acceptance), and take any and all such other actions as may be necessary or desirable to effect this instruction.**

☐     **objects to the terms and conditions of the Plan and directs the Trustee TO REJECT the Plan (and execute the Northwest Ballot to evidence such objection), and take any and all such other actions as may be necessary or desirable to effect this instruction.**

☐     **directs the Trustee TO ABSTAIN from voting on the Plan and NOT OPT-OUT of the Plan's release of certain claims and interests, and take any and all such other actions as may be necessary or desirable to effect this instruction.**

☒     **directs the Trustee TO ABSTAIN from voting on the Plan and OPT-OUT of the Plan's release of certain claims and interests (and execute the Northwest Ballot to evidence such rejection), and take any and all such other actions as may be necessary or desirable to effect this instruction.**

**THE ABOVE VOTES MAY BE REVOKED IN WRITING IF RECEIVED BY THE TRUSTEE BY 5:00 P.M. (EASTERN TIME) ON MONDAY, APRIL 27, 2015, AT WHICH TIME ALL BALLOTS NOT REVOKED SHALL BECOME IRREVOCABLE.**

## Addendum 1

### Class D - 1 Notes
*[Insert Class of Security Held]*
of
## PREFERRED TERM SECURITIES XXIII, LTD.
## PREFERRED TERM SECURITIES XXIII, INC.

### PROOF OF OWNERSHIP

*(For DTC Participants and Holders of Certificated Notes)*

Registered Holder[*]:                                Blackhawk Bank & Trust

Signature of Registered Holder[*]:          _____ , Executive Chairman

Registered Holder[*] contact name:        W. Gerard Huiskamp

Registered Holder[*] contact number:      309-787-4451 ext. 1250

Registered Holder[*] e-mail Address:       gerry@choosethechief.com

Underlying Beneficial owner:                 _____
*(optional if held by Custodian or Nominee)*

Signature of Beneficial owner (optional):  _____

Beneficial owner contact name (*optional*):  _____

Beneficial owner contact number (*optional*): _____

Beneficial owner e-mail Address (*optional*): _____

DTC Participant Number (*if applicable*):    _____

Class of Notes:                              D-1 Mezz

CUSIP/ISIN:                                  74043AAW1

Original Principal Amount:                   $1,000,000.

Current Principal Amount:                    $1,155,085.32
*(based on the current factor)*

Date:                                        April 23, 2015

MEDALLION GUARANTEE:                         *Michelle Dawson*

SIGNATURE GUARANTEED
MEDALLION

[*]*For DTC positions "Registered Holder" refers to DTC Participant, Custodian, or Nominee*

*Michelle Dawson*
BLACKHAWK BANK &
TRUST
( 0001 )                          AUTHORIZED SIGNATURE
CS012255
SECURITIES TRANSFER AGENTS MEDALLION PROGRAM

8

# EXHIBIT A

## NORTHWEST BALLOT

## BALLOT FOR ACCEPTING OR REJECTING
### THE DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION

---

### CLASS 3—TRUPS CLAIMS

---

### PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THE BALLOT

### THIS BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE DEBTOR BY 5:00 P.M., PREVAILING CENTRAL TIME, ON APRIL 28, 2015 (THE "<u>VOTING DEADLINE</u>")

---

Northwest Bancorporation of Illinois, Inc. (the "<u>Company</u>") has sent this Ballot to you because our records indicate that, as of March 30, 2015 (the "<u>Voting Record Date</u>"), you are a Holder of a Class 3 TruPS Claim and, accordingly, you have a right to vote to accept or reject the *Debtor's Chapter 11 Plan of Reorganization* (as may be further amended or supplemented from time to time and including all exhibits or supplements thereto, the "<u>Plan</u>"), which is subject to Bankruptcy Court approval and which provides for a comprehensive restructuring of the Company's pre-bankruptcy obligations and maximizes recoveries available to all constituents.[1]

Your rights are described in the *Disclosure Statement for Debtor's Chapter 11 Plan of Reorganization*, dated March 31, 2015 (as may be further amended or supplemented from time to time and including all exhibits or supplements thereto, the "<u>Disclosure Statement</u>").  The Disclosure Statement and the Plan are contained in the packet you are receiving with this Ballot. If you have any questions regarding any of the solicitation materials you have received or need to obtain additional solicitation materials, you may contact proposed counsel to the Debtor, Kirkland & Ellis LLP (the "<u>K&E</u>") by (a) writing to K&E at Northwest Bancorporation of Illinois, Inc., c/o Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: David R. Seligman, P.C. and Brad Weiland, or (b) calling K&E at (312) 862-2000 within the U.S. or Canada.

This Ballot may not be used for any purpose other than to vote to accept or reject the Plan.  If you believe you have received this Ballot in error, please contact K&E at the address or telephone number set forth above.

*You should carefully review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been classified as a Class 3 TruPS Claim under the Plan.*

**Please note that <u>only</u> those Holders of Claims in Class 3 TruPS Claims that are considered an accredited investor, as that term is defined by the Securities and Exchange**

---

[1]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan and the Disclosure Statement (as such terms are defined in this Ballot), as applicable.

Commission for the purposes of rule 506 of Regulation D promulgated under the United States Securities Act of 1933 are entitled to vote on the Plan.

If K&E does not receive your Ballot on or before the Voting Deadline, which is 5:00 p.m., prevailing Central Time, on April 28, 2015, then unless the Company determines (such determination subject to the reasonable consent of the Required Consenting Secured Parties), your vote will not count.  **If the Court confirms the Plan and the Plan becomes effective, it will bind you regardless of whether you vote.**

**Item 1.** **Amount of Class 3 TruPS Claim**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of a Class 3 TruPS Claim for the following amount:

$_____

**OR**

The undersigned hereby certifies that as of the Voting Record Date, the undersigned was the Holder of a Class 3 TruPS Claim (including any accrued and unpaid interest thereon) in the principal amount of:



$ 1,155,085.32

**Item 2.**  **Vote on Plan**

The Holder of the Class 3 TruPS Claim set forth in Item 1 votes to (*please check one*):

| ACCEPT THE PLAN | REJECT THE PLAN |
|:---:|:---:|
| ☐ | ☒ |

Any Ballot that is executed by the Holder of a Class 3 TruPS Claim, but that indicates both an acceptance and a rejection of the Plan or does not indicate either an acceptance or rejection of the Plan, will not be counted.

2

KE 35297794

**Item 3. TruPS Election**

     As a Holder of Class 3 TruPS Claims you have the option to make the TruPS Election.[2] In order to make the TruPS Election you must check the box below:

<div style="border:1px solid">

**TRUPS ELECTION**

☐

</div>

to:    By checking the box above and making the TruPS Election, you are ***irrevocably choosing***

    ***forego any rights to a portion of the Non-Electing TruPS Distribution*** and agree that any distribution to you under the Plan will be expressly subordinated to the distributions to Holders of TruPS Claims that do ***not*** make the TruPS Election; ***and***

    ***receive, in full and final satisfaction, settlement, release, and discharge*** of and in exchange for all but not less than all of your Allowed TruPS Claims, your Pro Rata share (based on the amount of your Allowed TruPS Claim relative to the Allowed TruPS Claim of any other Holder that makes the above TruPS Election) of the Electing TruPS Distribution; ***and***

    ***fund in Cash*** your Pro Rata share (based on the amount of your Allowed TruPS Claims relative to the Allowed TruPS Claims of any other Holder of TruPS Claims that makes the above TruPS Election) of the Plan Funding TruPS Contribution.[3]

**THE TRUPS ELECTION MADE PURSUANT TO THIS BALLOT SHALL BE BINDING ON THE UNDERSIGNED HOLDER OF THE CLASS 3 TRUPS CLAIMS SET FORTH IN ITEM 1 OR ANY SUBSEQUENT TRANSFEREE THEREOF.**

---

[2]   The TruPS Election or failure to make the TruPS Election shall be irrevocable by any Entity, including the Debtor and the Holder of the TruPS Claim making or failing to make such election.

[3]   Each Electing TruPS Holder shall be required to place its Pro Rata portion of the Plan Funding TruPS Contribution in the Plan Funding Escrow on or before April 28, 2015. Failure to make the payment on or before April 28, 2015 will invalidate any TruPS Election. Any Holder of TruPS Claims that makes the TruPS Election by checking the box above but fails to make the payment into the Plan Funding Escrow by April 28, 2015 shall irrevocably result in such Holder of TruPS Claim to be deemed to have elected to not make the TruPS Election.

KE 35297794

## IMPORTANT INFORMATION REGARDING
## THE RELEASE BY HOLDERS OF CLAIMS AND INTERESTS

If you (a) vote to accept the Plan or (b) abstain from voting on the Plan and do not opt-out of the releases provided by the Plan, you are automatically deemed to consent to the Plan's release by Holders of Claims and Interests described in item 4, below.

If you (a) vote to reject the Plan or (b) abstain from voting and opt-out of the releases provided by the Plan, you are not bound by the Plan's release by Holders of Claims and Interests described in item 4, below.

Item 4. Article VIII.D of the Plan provides for the following release by Holders of Claims and Interests.

Notwithstanding anything contained herein to the contrary, on the Confirmation Date and effective as of the Effective Date and to the fullest extent authorized by applicable law, the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged the Third Party Releasees from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims, asserted on behalf of the Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, or otherwise, that such entity would have been legally entitled to assert (whether individually or collectively), based on or in any way relating to, or in any manner arising from, in whole or in part, the Debtor, First Bank, the Debtor's restructuring, the Chapter 11 Case, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Case, the negotiation, formulation, or preparation of the Plan, the Stock Purchase Agreement, the related Disclosure Statement, the related Plan Supplement, or related agreements, instruments, or other documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes willful misconduct or gross negligence. Notwithstanding anything to the contrary in the foregoing, the release set forth above does not release any obligations arising on or after the Effective Date of any party under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Third Party Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Third Party Release is:

**(1) in exchange for the good and valuable consideration provided by the Third Party Releasees; (2) a good faith settlement and compromise of the Claims released by this** Error! Reference source not found.**; (3) in the best interests of the Debtor, its Estate, and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any Entity granting a Third Party Release from asserting any claim or Cause of Action released pursuant to the Third Party Release.**

IF YOU HAVE ABSTAINED FROM VOTING BUT WISH TO OPT-OUT OF THE RELEASE BY HOLDERS OF CLAIMS AND INTERESTS, YOU <u>MUST</u> CHECK THE BOX BELOW:

 <u>**REJECT**</u> **THE RELEASE BY HOLDERS OF CLAIMS AND INTERESTS**

<u>**Item 5**</u>. **Certifications**

By signing this Ballot, the undersigned certifies that:

1. as of the Voting Record Date, the undersigned is either (a) the Holder of the Class 3 (s) being voted or (ii) an authorized signatory for the Holder of the Class 3 (s) being voted;

2. the Holder has received a copy of the Disclosure Statement and the Plan and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

3. the Holder has cast the same vote with respect to all Class 3 TruPS Claims;

4. the Holder is an accredited investor, as that term is defined by the Securities and Exchange Commission for the purposes of Rule 506 of Regulation D promulgated under the United States Securities Act of 1933;

5. no other Ballots with respect to the amount of the Class 3 TruPS Claims (s) identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claims(s), then any such Ballots dated earlier are hereby revoked;

6. the Holder acknowledges that a vote to accept the Plan constitutes an acceptance of the treatment of such Holder's Class 3 TruPS Claims (s);

7. the Holder understands and, if accepting the Plan, agrees with the treatment provided for its Claims(s) under the Plan; and

8. the Holder acknowledges and agrees that the Company may make conforming changes to the Plan to the extent provided by Bankruptcy Rule 3019 as may be reasonably necessary; *provided*, that the Company will not re-solicit acceptances or rejections of the Plan in the event of such conforming changes.

*[Signature Page Follows]*

2

KE 35297794

Name of Holder: _Blackhawk Bank & Trust - Milan, IL_
(Please print or type)

Social Security Number or Federal Tax
Identification Number _36-2463877_

Signature: _W. Gerard Huiskamp, Executive Chairman_

Name of Signatory: _W. Gerard Huiskamp_
(If other than Holder)[1]

Title: _Executive Chairman_

Address: _301 4th Street West_

_P.O. Box 1100_

_Milan, Illinois 61264-1100_

Date Completed: _April 23, 2015_

**PLEASE COMPLETE, SIGN, AND DATE THE BALLOT
AND RETURN IT PROMPTLY.**

**BALLOTS MUST BE <u>ACTUALLY RECEIVED</u> BY K&E BY THE VOTING
DEADLINE, WHICH IS 5:00 P.M. PREVAILING
CENTRAL TIME, ON APRIL 28, 2015, USING
THE FOLLOWING DELIVERY METHODS:**

**If by Mail to:**

**Northwest Bancorporation of Illinois, Inc.
c/o Kirkland & Ellis LLP
Attn: Brad Weiland
300 North LaSalle Street
Chicago, IL 60654**

**If by E-Mail to:**

**brad.weiland@kirkland.com**

**If by Fax:**

**(312) 862-2200**

---

[1]   If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing.  You may be required to provide additional information or documentation with respect to such relationship.

3