UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NORTHWEST BANCORPORATION OF ILLINOIS, INC.,[1] | ) Case No. 15-15245 (CAD) |
| | ) |
| Debtor. | ) |
| | ) |

**NOTICE OF (I) COMMENCEMENT OF PREPACKAGED
CHAPTER 11 BANKRUPTCY CASE, (II) COMBINED HEARING
ON THE DISCLOSURE STATEMENT, CONFIRMATION OF
THE DEBTOR'S PREPACKAGED CHAPTER 11 PLAN OF
REORGANIZATION, AND RELATED MATTERS, AND
(III) OBJECTION DEADLINES, AND SUMMARY OF
THE DEBTOR'S PREPACKAGED CHAPTER 11
PLAN OF REORGANIZATION**

On April 29, 2015 (the "Petition Date"), the above-captioned debtor and debtor in possession (the "Debtor") filed with the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court") the *Debtor's Prepackaged Chapter 11 Plan of Reorganization* [Docket No. 3] (as amended, modified, or supplemented from time to time, the "Plan") and the *Disclosure Statement for the Debtor's Prepackaged Chapter 11 Plan of Reorganization* [Docket No. 4] (as amended, modified, or supplemented from time to time, the "Disclosure Statement") pursuant to sections 1125 and 1126(b) of title 11 of the United States Code (as amended, the "Bankruptcy Code").[2] The Plan is a "prepackaged" plan of reorganization. The Plan provides for a comprehensive restructuring of the Debtor's pre-bankruptcy obligations and maximizes recoveries available to all constituents. Prior to the Petition Date, the Debtor conducted a solicitation of the Plan to those Holders of the only Claims entitled to vote to accept or reject the Plan. *Holders of Claims against the Debtor who voted on the Plan voted overwhelmingly to accept the Plan*. The Debtor believes that any valid

---

[1] The Debtor in this chapter 11 case is Northwest Bancorporation of Illinois, Inc.; the last four digits of the Debtor's federal tax identification number are: 0422. The location of the Debtor's headquarters and the service address for the Debtor is: 300 East Northwest Highway, Palatine, Illinois 60067.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable. The statements contained herein are summaries of the provisions contained in the Plan and Disclosure Statement and do not purport to be precise or complete statements of all the terms and provisions of the Plan or documents referred therein. To the extent there is a discrepancy between the terms herein and the Plan or Disclosure Statement, the Plan or Disclosure Statement, as applicable, shall govern and control. For a more detailed description of the Plan, please refer to the Disclosure Statement.

KE 35323012

alternative to confirmation of the Plan would result in significant delays, litigation, and additional costs, and, ultimately, would jeopardize recoveries for Holders of allowed Claims and Interests.

Copies of the Disclosure Statement and the Plan may be obtained at no charge from Kirkland & Ellis LLP, proposed counsel to the Debtor in this chapter 11 case ("K&E") by (a) writing to K&E at Northwest Bancorporation of Illinois, Inc. Claims Processing Center, c/o Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, or (b) calling K&E at 312.862.2000. You may also obtain copies of any pleadings filed in this chapter 11 case for a fee via PACER at http://www.ecf.ilnb.uscourts.gov.

## Information Regarding the Plan

**Voting Record Date**. The Bankruptcy Court-approved voting record date was **March 30, 2015** (the "Voting Record Date"), which was the date for determining which Holders of Claims in Class 3 were entitled to vote on the Plan.

**Objections to the Plan or Disclosure Statement**. The deadline for filing objections to the Plan or Disclosure Statement is **May 13, 2015, at 4:00 p.m. prevailing Central Time**. Any objections (each, an "Objection") to the Plan or the adequacy of information in the Disclosure Statement must: (a) be in writing; (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois; (c) state the name and address of the objecting party and the amount and nature of the claim or interest beneficially owned by such entity; (d) state with particularity the legal and factual basis for such objections, and, if applicable, a proposed modification to the Plan that would resolve such objections; and (e) be filed with the Bankruptcy Court (contemporaneously with proof of service) and served so as to be **actually received** no later than **May 13, 2015, at 4:00 p.m., prevailing Central Time**, by any statutory committee appointed in this chapter 11 case and the following parties:

| *The Debtor* | *Proposed Counsel to the Debtor* |
|---|---|
| Northwest Bancorporation of Illinois, Inc.<br>300 East Northwest Highway<br>Palatine, Illinois 60067<br>Attn: Alan Reasoner | Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Attn.: David R. Seligman P.C. and Brad Weiland |
| *U.S. Trustee* ||
| Office of the United States Trustee<br>the Northern District of Illinois<br>219 South Dearborn Street, Room 873<br>Chicago, Illinois 60604<br>Attn.: Gretchen Silver ||

2

KE 35323012

**UNLESS AN OBJECTION IS TIMELY SERVED
AND FILED IN ACCORDANCE WITH THIS NOTICE IT
MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

**AS DESCRIBED BELOW, YOU ARE ADVISED
TO CAREFULLY REVIEW AND CONSIDER THE PLAN,
INCLUDING THE DISCHARGE, RELEASE, EXCULPATION, AND
INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

### Summary of Plan Treatment

The following chart summarizes the treatment provided by the Plan to each class of Claims against and Interests in the Debtor, and indicates the voting status of each class. *Holders of Claims and Interests entitled to vote on the Plan and who submitted a ballot have overwhelmingly voted to accept the Plan*.

| Class | Name of Class Under the Plan | Description of Class | Percentage Recovery Under the Plan | Plan Treatment and Voting Rights |
|---|---|---|---|---|
| 1 | Other Priority Claims | Holders of all Other Priority Claims against the Debtor | 100% | Unimpaired; deemed to accept. |
| 2 | Secured Claims | Holders of all Secured Claims against the Debtor | 100% | Unimpaired; deemed to accept. |
| 3 | TruPS Claims | Holders of all TruPS Claims against the Debtor | 5.4–28.7%[3] | Impaired, entitled to vote. |
| 4 | General Unsecured Claims | Holders of all General Unsecured Claims against the Debtor | 100% | Unimpaired; deemed to accept. |
| 5 | Section 510(b) Claims | Holders of all Section 510(b) Claims against the Debtor | 0% | Impaired; deemed to reject. |
| 6 | Majority Interests | Majority Interests in the Debtor | 0% | Impaired; deemed to reject |
| 7 | Minority Interests | Minority Interests in the Debtor | 0% | Impaired; deemed to reject |

---

[3] Based on principal face amount of Amended TruPS, not taking into account (a) the Plan Funding TruPS Contribution, (b) the relative risk of Amended TruPS instruments, or (c) the subordination of the Junior Amended TruPS.

KE 35323012

### Discharge, Injunctions, Exculpation, and Release Provisions

**Please be advised that the Plan contains certain discharge, release, exculpation, and injunction provisions as follows.**

Under the Plan, an "<u>Exculpated Claim</u>" means any Claim related to any post-petition act taken or omitted to be taken in connection with, relating to, or arising out of the Chapter 11 Case, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement or the Plan, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement or the Plan, the preparation or filing of the Chapter 11 Case, the pursuit of Confirmation, the pursuit of Consummation, and the administration and implementation of the Plan, including the distribution of property under the Plan or any other agreement.

Under the Plan, a "<u>Released Party</u>" means each of: (a) Holders of the TruPS Claims; (b) the Indenture Trustees; (c) the Debtor and the Reorganized Debtor, (d) the Management Plan Support Parties, and (e) with respect to each of the foregoing entities in clauses (a) through (d), such person's current and former Affiliates, subsidiaries, officers, directors, principals, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, in each case in their capacity as such. No Holder of a Claim or Interest who votes to reject the Plan shall be a Released Party.

Under the Plan, "<u>Releasing Parties</u>" means each of: (a) the Holders of TruPS Claims, and for each such Holder, such person's current and former Affiliates, subsidiaries, officers, directors, principals, employees, agents, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, in each case in their capacity as such; (b) the Indenture Trustees; (c) the Holders of Interests; (d) the Creditors' Committee; (e) the Management Plan Support Parties; and (f) without limiting the foregoing clauses (a), (b), (c), and (d), each Holder of a Claim against or an Interest in the Debtor that (1) votes to accept the Plan and (2) does not opt out of the Plan's release provisions with respect to the Released Parties pursuant to an election contained on the relevant Ballot.

**(1)** **ARTICLE VIII.A (DISCHARGE OF CLAIMS AND TERMINATION OF INTERESTS). Pursuant to section 1141(d) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan or in any contract, instrument, or other agreement or document created pursuant to the Plan, the distributions, rights, and treatment that are provided in the Plan shall be in complete satisfaction, compromise, settlement, discharge, and release, effective as of the Effective Date, of all debt (as such term is defined in section 101 of the Bankruptcy Code) that arose before the Effective Date, any debts of any kind specified in section 502(g), 502(h), or 502(i) of the Bankruptcy Code, and the rights and Interests of any Holders of Interests whether or not: (1) a Proof of Claim based on such debt or Interest is Filed; (2) a Claim or Interest based upon such debt is Allowed pursuant to section 502 of the Bankruptcy Code; or (3) the Holder of such Claim or Interest has accepted the Plan. The Confirmation Order shall be a judicial determination of the**

4

> **discharge of all Claims and Interests subject to the Effective Date occurring, except as provided for under section 1141(d)(6) of the Bankruptcy Code.**
>
> **Pursuant to Bankruptcy Rule 9019 and in consideration for the distributions and other benefits provided pursuant to the Plan, the provisions of the Plan shall constitute a good faith compromise of all Claims, Interests, and controversies relating to the contractual, legal, and subordination rights that a Holder of a Claim or Interest may have with respect to any Allowed Claim or Interest, or any distribution to be made on account of such Allowed Claim or Interest. The entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the compromise or settlement of all such Claims, Interests, and controversies, as well as a finding by the Bankruptcy Court that such compromise or settlement is in the best interests of the Debtor, its Estate, and Holders of Claims and Interests that is fair, equitable, and reasonable. In accordance with the provisions of the Plan, pursuant to Bankruptcy Rule 9019, without any further notice to or action, order, or approval of the Bankruptcy Court, after the Effective Date, the Reorganized Debtor may compromise and settle Claims against the Debtor and its Estate and Causes of Action, including solely with respect to the Reorganized Debtor, against other Entities.**

(2) **ARTICLE VIII.C (RELEASES BY THE DEBTOR). Notwithstanding anything contained herein to the contrary, on the Confirmation Date and effective as of the Effective Date and to the fullest extent authorized by applicable law, for the good and valuable consideration provided by each of the Released Parties, the adequacy of which is hereby confirmed, the Released Parties are deemed released and discharged by the Debtor and its Estate from any and all claims, interests, obligations, rights, suits, damages, causes of action, remedies, and liabilities whatsoever, including any derivative claims, asserted on behalf of the Debtor, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Debtor, its Estate, or Affiliates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any claim or interest or other entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtor, First Bank, the Debtor's restructuring, the Chapter 11 Case, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtor, the subject matter of, or the transactions or events giving rise to, any claim or interest that is treated in the Plan, the business or contractual arrangements between the Debtor and any Released Party, the restructuring of claims and interests prior to or during the Chapter 11 Case, the Stock Purchase Agreement, the negotiation, formulation, or preparation of the Plan, the Disclosure Statement, the Plan Supplement, or any related agreements, instruments, or other documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes actual fraud, willful misconduct, or gross negligence. Notwithstanding anything to the contrary in the foregoing, the release set forth above does not release any obligations arising on or after the Effective Date of any party under the Plan or any document, instrument, or**

5

agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Debtor Release is: (1) in exchange for the good and valuable consideration provided by the Released Parties; (2) a good faith settlement and compromise of the Claims released by this Article VIII.C; (3) in the best interests of the Debtor and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to the Debtor asserting any claim or Cause of Action released pursuant to the Debtor Release.**

(3)     **ARTICLE VIII.D (RELEASES BY HOLDERS OF CLAIMS AND INTERESTS)**. **Notwithstanding anything contained herein to the contrary, on the Confirmation Date and effective as of the Effective Date and to the fullest extent authorized by applicable law, the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged the Third Party Releasees from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims, asserted on behalf of the Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, or otherwise, that such entity would have been legally entitled to assert (whether individually or collectively), based on or in any way relating to, or in any manner arising from, in whole or in part, the Debtor, First Bank, the Debtor's restructuring, the Chapter 11 Case, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Case, the negotiation, formulation, or preparation of the Plan, the Stock Purchase Agreement, the related Disclosure Statement, the related Plan Supplement, or related agreements, instruments, or other documents, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, other than claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes actual fraud, willful misconduct, or gross negligence. Notwithstanding anything to the contrary in the foregoing, the release set forth above does not release any obligations arising on or after the Effective Date of any party under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Third Party Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Third Party Release is: (1) in exchange for the good and valuable consideration provided by the Third Party Releasees; (2) a good**

6

**faith settlement and compromise of the Claims released by this Article VIII.D; (3) in the best interests of the Debtor, its Estate, and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any Entity granting a Third Party Release from asserting any claim or Cause of Action released pursuant to the Third Party Release.**

(4)     **ARTICLE VIII.E (EXCULPATION). Notwithstanding anything contained herein to the contrary, on the Confirmation Date and effective as of the Effective Date and to the fullest extent authorized by applicable law, none of the Exculpated Parties shall have or incur any liability for any claim, cause of action, or other assertion of liability for any act taken or omitted to be taken in connection with, or arising out of, the Chapter 11 Case, the Stock Purchase Agreement, the negotiation, formulation, or preparation of the Plan or any contract, instrument, document, or other agreement entered into pursuant thereto, or any distributions made pursuant to or in accordance with the Plan; provided that the foregoing shall not affect the liability of any person that otherwise would result from any such act or omission to the extent such act or omission is determined by a Final Order to have constituted actual fraud, willful misconduct, or gross negligence.**

(5)     **ARTICLE VIII.F (INJUNCTION). Notwithstanding anything contained herein to the contrary, on the Confirmation Date and effective as of the Effective Date and to the fullest extent authorized by applicable law, all Entities who have held, hold, or may hold Claims or Interests that have been released pursuant to the Plan, compromised and settled pursuant to the Plan, or are exculpated pursuant to the Plan, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtor, First Bank, the Reorganized Debtor, the Released Parties, or the Exculpated Parties, or their respective property (collectively, the "Enjoined Actions"): (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claim or Interest; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the Estate of such Entities on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claims or Interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such entities on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claims or Interests unless such entity has timely filed a Proof of Claim with the Bankruptcy Court preserving such right of setoff, subrogation, or recoupment; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claims or Interests. Any Entity receiving a distribution under the Plan on account of any Claim shall be deemed to**

7

**have waived any right to such Claim as against any third party and shall be enjoined from pursuing such Claim as against any Entity other than the Debtor's Estate; provided that the foregoing injunction does not enjoin any actions against any Released Party to enforce obligations arising on or after the Effective Date of any party under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

### Hearing on Confirmation of the Plan and the Adequacy of the Disclosure Statement

The hearing (the "Combined Hearing") will be held before the Honorable Carol A. Doyle, United States Bankruptcy Judge, in Room 742 of the United States Bankruptcy Court, 219 South Dearborn, Chicago, Illinois, 60604, on **May 21, 2015, at 11:00 a.m., prevailing Central Time**, to consider the adequacy of the Disclosure Statement, any objections to the Disclosure Statement, confirmation of the Plan, any objections thereto, and any other matter that may properly come before the Bankruptcy Court. Please be advised that the Combined Hearing may be continued from time to time by the Bankruptcy Court or the Debtor without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Bankruptcy Court and served on other parties entitled to notice.

Dated: April 30, 2015  
Chicago, Illinois

*/s/ David R. Seligman, P.C.*  
James H.M. Sprayregen, P.C.  
David R. Seligman, P.C.  
Brad Weiland  
**KIRKLAND & ELLIS LLP**  
300 North LaSalle  
Chicago, Illinois 60654  
Telephone:    (312) 862-2000  
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtor*  
*and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NORTHWEST BANCORPORATION | ) Case No. 15-15245 (CAD) |
| OF ILLINOIS, INC.,[1] | ) |
| | ) |
| Debtor. | ) |
| | ) |

**CERTIFICATE OF SERVICE**

    I, David R. Seligman, P.C., an attorney, certify that on the 29th day of April, 2015, I caused to be served, by first class mail, a true and correct copy of the foregoing *Notice of (I) Commencement of Prepackaged Chapter 11 Bankruptcy Case, (II) Combined Hearing on the Disclosure Statement, Confirmation of the Debtor's Prepackaged Chapter 11 Plan of Reorganization, and Related Matters, and (III) Objection Deadlines, and Summary of the Debtor's Prepackaged Chapter 11 Plan of Reorganization* on the parties on the attached service list.

Dated: April 30, 2015
Chicago, Illinois

    */s/ David R. Seligman, P.C.*
    James H.M. Sprayregen, P.C.
    David R. Seligman, P.C.
    Brad Weiland
    **KIRKLAND & ELLIS LLP**
    300 North LaSalle
    Chicago, Illinois 60654
    Telephone:  (312) 862-2000
    Facsimile:  (312) 862-2200

    *Proposed Counsel to the Debtor*
    *and Debtor in Possession*

---

[1] The Debtor in this chapter 11 case is Northwest Bancorporation of Illinois, Inc.; the last four digits of the Debtor's federal tax identification number are: 0422. The location of the Debtor's headquarters and the service address for the Debtor is: 300 East Northwest Highway, Palatine, Illinois 60067.

KE 35323012

## Service List

| | |
|---|---|
| AIG<br>Financial Lines Claims<br>Attn: Officer<br>P.O. Box 25947<br>Shawnee Mission, KS 66225 | American Bankers Insurance Company of Florida<br>Attn.: Officer<br>Flood Service Center<br>P.O. Box 4337<br>Scottsdale, AZ 85261-4337 |
| Attorney General for the State of Illinois<br>Attn.: Lisa Madigan<br>Office of Attorney General<br>500 S 2nd St.<br>Springfield, IL 62701 | Bank of New York,<br>101 Barclay Street,<br>Floor 21W<br>New York, NY 10286,<br>Attn: Corporate Trust Administration Officer |
| Margaret E. Brown<br>Associate Client Service Manager<br>The Bank of New York Mellon Corporate Trust<br>525 William Penn Place, 38th Floor<br>Pittsburgh, PA 15259 | Crump Insurance Services, Inc.<br>Attn.: Robert J. Pearson<br>500 W. Van Buren St. #1500<br>Chicago, IL 60607 |
| Delaware Secretary of State<br>Corporations Franchise Tax<br>P.O. Box 898<br>Dover, DE 19903 | Delaware State Treasury<br>Attn.: Bankruptcy Dept.<br>820 Silver Lake Blvd, Ste 100<br>Dover, DE 19904 |
| Esser Hayes Insurance Group Inc.<br>Attn.: Ray Hayes<br>1811 High Grove Lane, Suite 139<br>Naperville, IL 60540 | Executive Liability Underwriters<br>Attn.: Officer<br>One Constitution Plaza, 16th Floor<br>Hartford, CT 06103 |
| Federal Deposit Insurance Corp.<br>Attn.: Timothy E. Divis<br>300 South Riverside Plaza, Suite 1700<br>Chicago, IL 60606 | Federal Reserve Bank of Chicago<br>Attn.: Elizabeth Knospe<br>230 S. LaSalle St.<br>Chicago, IL 60604 |

KE 35323012

| | |
|---|---|
| First Bank & Trust Company of Illinois<br>Attn.: Alan Reasoner<br>300 East Northwest Highway<br>Palatine, IL 60067 | Hare & Co.<br>c/o The Bank of New York<br>P.O. Box 11203<br>New York, NY 10286 |
| Hare & Co.<br>c/o The Bank of New York<br>Attn: Income Dept 10th Floor<br>2 Hanson Place<br>Brooklyn, NY 11217 | Hare & Co.<br>c/o The Bank of New York<br>101 Barclay Street, 8th Floor East<br>Corporate Trust Administration, CDO Unit<br>New York, NY 10286 |
| Hare & Co.<br>c/o The Bank of New York<br>P.O. Box 11203<br>New York, NY 10286 | Ms. Linsay F Hershenhorn<br>3638 22nd Street<br>San Francisco, CA 94114 |
| Robert Hershenhorn<br>980 Spyglass Lane<br>Naples, FL 34102 | Ms. Sarah H Hershenhorn<br>In care of Mr. Robert G Hershenhorn<br>980 Spyglass Lane<br>Naples, FL 34102 |
| Mrs. Marlene Hoffmann,<br>Trustee of the Kimberly Reed,Trust as<br>Established by the Carl Wegmann Declaration<br>of Dated<br>August 14, 1982 (as amended)<br>431 Ashbrook Lane<br>South Elgin, IL 60177 | Mrs. Marlene Hoffmann,<br>Trustee of the Marlene Hoffmann Revocable<br>Trust dated June 27, 2008<br>431 Ashbrook Lane<br>South Elgin, IL 60177 |
| HoldCo Opportunities Fund, L.P.<br>Attn:  Vik Ghei<br>32 Broadway Suite 1201<br>New York NY 10004 | Illinois Department of Financial and<br>Professional Regulation, Division of Banking<br>Attn.: Michael J. Mannion<br>100 W. Randolph St., 9th Floor<br>Chicago, IL 60601 |
| Illinois Department of Financial and<br>Professional Regulation, Division of Banking<br>Attn.: Michael J. Mannion<br>320 W. Washington Street<br>Springfield, IL 62786 | Illinois Department of Revenue<br>Attn.: Bankruptcy Unit<br>100 W Randolph St., #7-400<br>Chicago, IL 60601 |

| | |
|---|---|
| Illinois National Insurance Company<br>Attn.: Officer<br>300 South Riverside Plaza, Suite 2100<br>Chicago, IL 60606-6613 | Illinois Secretary of State<br>Attn.: Bankruptcy Unit<br>213 State Capital<br>Springfield, IL 62756 |
| Internal Revenue Service<br>Centralized Insolvency Operation<br>2970 Market Street<br>Mail Stop 5 W30 133<br>Philadelphia, PA 19104 | Internal Revenue Service<br>Territory Manager Insolvency Territory 7<br>230 S Dearborn St.<br>Mail Stop 5000 Chi<br>Chicago, IL 60604 |
| Kirkland & Ellis LLP<br>Attn.: Brad Weiland<br>300 North LaSalle Street<br>Chicago, IL 60654 | McGladrey LLP<br>Attn: Legal Department<br>1 S. Wacker Dr.<br>Suite 800<br>Chicago, IL 60606 |
| National Union Fire Insurance Company of Pittsburgh, Pa.<br>Attn.: Officer<br>175 Water Street, 18th Floor<br>New York, NY 10038 | Office of the United States Trustee<br>Attn.: Gretchen Silver<br>219 S Dearborn St., Room 873<br>Chicago, IL 60604 |
| OSK, LLC<br>Attn: Warren Staley<br>3948 W. 49½ Street, Box 24794<br>Edina, MN 55424 | Preferred Term Securities XXIII, Inc.<br>c/o RL&F Service Corp., Attn: The Directors<br>One Rodney Square<br>10th Floor Tenth and King Streets<br>Wilmington, Delaware 19801 |
| Preferred Term Securities XXIII, Ltd.<br>c/o Maples Finance Limited, Attn: The Directors<br>P.O. Box 1093 GT Queensgate House, South Church Street George Town Grand Cayman, Grand Cayman Islands | Ms. Kimberly Reed<br>1120 80th Street E<br>Parrish, FL 34219 |
| River Branch Holdings LLC<br>Attn: Steve Kent<br>300 North LaSalle Street<br>Suite 200<br>Chicago, IL 60654 | Alexis Ross<br>3 Rue Jean Daniel Colladon<br>Geneva 1204 Switzerland |

4

| | |
|---|---|
| State Street Bank and Trust Company<br>Attn:  Paul D. Allen, Corporate Trust Department<br>P.O. Box 778<br>Boston, MA 02102-0778 | State Street Bank & Trust Co. of Connecticut<br>2 Avenue De Lafayette<br>6th Floor<br>Boston, MA 02111<br>Attn:  Paul D. Allen, Corporate Trust Department or Vice President, Corporate Trust Department |
| State Street Bank and Trust Company of Connecticut, National Association<br>Attn: Vice President, Corporate Trust Department<br>225 Asylum Street, Goodwin Square<br>Hartford, CT 06103 | The Bank of New York<br>Attn:  Corporate Trust Officer, CDO Unit<br>101 Barclay Street, 8th Floor East<br>New York, NY 10286 |
| The Bank of New York<br>Attn: Vice President, Corporate Trust Administration<br>101 Barclay Street, Floor 21W<br>New York, NY 10286 | The Bank of New York Mellon Global Corporate Trust – CDO Group<br>525 William Penn Place, 8th Floor<br>Pittsburgh, Pennsylvania 15259<br>Attn: Stephen Kovach |
| The Bank of New York Mellon Global Corporate Trust – CDO Group<br> 525 William Penn Place, 8th Floor<br>Pittsburgh, Pennsylvania 15259<br>Attn: Faran Ives | U.S. Bank Global Corporate Trust Services<br>Deborah A. Ibrahim, Vice President<br>One Federal Street<br>Boston, MA 02110-0000 |
| U.S. Bank National Association<br>Attn:  Corporate Trust Services<br>Raymond S. Haverstock<br>60 Livingston Avenue<br>St. Paul, MN 55107-1419 | U.S. Bank National Association<br>Corporate Trust Services Division<br>One Federal Street, 3rd Floor<br>Boston, Massachusetts 02110<br>Attn: Mr. Paul D. Allen |
| U.S. Securities & Exchange Commission<br>Attn.: Regional Director<br>Chicago Regional Office<br>175 W Jackson Blvd, Ste 900<br>Chicago, IL 60604 | U.S. Securities & Exchange Commission<br>Secretary of the Treasury<br>100 F St. NE<br>Washington, D.C. 20549 |

5

| United States Attorney<br>Attn.: Joel R. Nathan, Esq.<br>219 S Dearborn St., 5th Floor<br>Chicago, IL 60604 | Glen R. Wegmann and Maureen P. Wegmann<br>62 Sheridan Street<br>Elgin, IL 60123 |
|---|---|
| Mrs. Sharon Wegmann<br>1241 Whitingham Circle<br>Naperville, Il 60540 | XL Specialty Insurance Company<br>Attn.: Nicholas M. Brown, Jr.<br>70 Seaview Avenue<br>Stamford, CT 06902-6040 |