UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| NORTHWEST BANCORPORATION OF ILLINOIS, INC.,[1] | ) Case No. 15-15245 (CAD) |
| Debtor. | ) |

### ORDER APPROVING THE DEBTOR'S DISCLOSURE STATEMENT FOR, AND CONFIRMING, THE DEBTOR'S PREPACKAGED CHAPTER 11 PLAN OF REORGANIZATION

Upon the Debtor's motion for entry of an order scheduling a combined disclosure statement approval and confirmation hearing [Docket No. 11] seeking, among other things, approval of the *Disclosure Statement for the Debtor's Prepackaged Chapter 11 Plan of Reorganization* [Docket No. 4], a copy of which is attached to this Confirmation Order as **Exhibit A** (as amended, supplemented, or modified the "Disclosure Statement"), and confirmation of the *Debtor's Prepackaged Chapter 11 Plan of Reorganization* [Docket No. 3], filed by the above-captioned debtor and debtor in possession (the "Debtor") on April 29, 2015, a copy of which is attached to this Confirmation Order as **Exhibit B** (as amended, supplemented, or modified the "Plan");[2] and the Plan and the Disclosure Statement both having been transmitted to Holders of Claims and Interests entitled to vote on the Plan; and the Court having entered a scheduling order for this Chapter 11 Case [Docket No. 18] (the "Scheduling Order"),

---

[1] The Debtor in this chapter 11 case is Northwest Bancorporation of Illinois, Inc.; the last four digits of the Debtor's federal tax identification number are: 0422. The location of the Debtor's headquarters and the service address for the Debtor is: 300 East Northwest Highway, Palatine, Illinois 60067.

[2] Capitalized terms used but not otherwise defined in this order (collectively, this "Confirmation Order") will have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable. The rules of interpretation set forth in Article I.B of the Plan apply to this Confirmation Order.

KE 35790929

and the Debtor having provided adequate notice thereof [Docket No. 20] (the "Combined Hearing Notice Affidavit"); and it appearing that this Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that venue is proper in this district under 28 U.S.C. §§ 1408 and 1409; and it appearing that appropriate, proper, and adequate notice has been given under the circumstances of the Confirmation Hearing, any modifications or amendments to the Plan, and the deadlines and procedures for objecting to the Disclosure Statement and Plan and voting on the Plan, and that no other or further notice is necessary; and having considered the evidence submitted at the Confirmation Hearing and the arguments and briefing regarding the adequacy of the Disclosure Statement and the confirmation of the Plan, after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:[3]

1. The Disclosure Statement, attached hereto as **Exhibit A**, (a) contains "adequate information" (as defined in section 1125(a) and used in section 1126(b)(2) of the Bankruptcy Code) with respect to the Debtors, the Plan, and the Restructuring Transactions and any other transaction contemplated by the Plan, (b) contains sufficient information of a kind necessary to satisfy the disclosure requirements of all applicable nonbankruptcy laws, rules, and regulations (including the Securities Act of 1933, as amended), and (c) is approved in all respects.

2. The filing of the Disclosure Statement with the clerk of the Court satisfied Bankruptcy Rule 3016(b).

---

[3] The determinations, findings, judgments, and conclusions set forth and incorporated in this Confirmation order constitute the Court's findings of fact, conclusions of law, and orders of the Court. Each finding and conclusion set forth or incorporated herein shall constitute an order of the Court. The orders of the Court shall also constitute the findings and conclusions of the Court. Findings of fact constitute findings of fact even if they are stated as conclusions of law, and such conclusions of law constitute conclusions of law even if they are stated as findings of fact.

3. The Plan, attached hereto as **Exhibit B**, (including the Plan Supplement, as amended, supplemented, or modified), is confirmed under section 1129 of the Bankruptcy Code.

4. If there is determined to be any inconsistency between any provision of the Plan and any provision of this Confirmation Order, then solely to the extent of such inconsistency, the provisions of this Order shall govern.

5. The Plan complies with section 1129 of the Bankruptcy Code.

6. As set forth in the *Declaration of Brad Weiland of Kirkland & Ellis LLP Regarding the Mailing, Voting, and Tabulation of Ballots Accepting and Rejecting the Debtor's Prepackaged Plan of Reorganization* [Docket No. 7], the Debtor caused Solicitation Packages to be distributed to Holders of Class 3 TruPS Claims, the only class of Claims eligible to vote to accept or reject the Plan, as of the Voting Record Date, in accordance with the Scheduling Order.

7. Votes for acceptance or rejection of the Plan were solicited and tabulated in good faith and in compliance with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, and all other applicable rules, laws, regulations.

8. As described in the Combined Hearing Notice Affidavit, the Debtor timely, adequately, and sufficiently caused service and transmittal of the Combined Hearing Notice, and no other or further notice is or will be required.

9. The technical modifications made to the Plan since it was filed with the Court on April 29, 2015, do not materially alter the terms of the Plan or the treatment afforded to any Holder. Therefore, pursuant to section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019, such modifications do not require additional disclosure under section 1125 of the Bankruptcy Code, nor do they require that Holders of Class 3 TruPS Claims be afforded the opportunity to change previously cast Ballots accepting or rejecting the Plan as filed with the Court.

Accordingly, the Plan, as modified by the technical modifications, is properly before this Court and all votes cast with respect to the Plan prior to such modifications shall be binding and shall be deemed cast with respect to the Plan as modified by the technical modifications.

10. In accordance with Bankruptcy Rule 3020(c)(1), the release provisions, exculpation provision, and the following injunction provision in the Plan are hereby approved, are so ordered, and will be immediately effective on the Effective Date without further order or action by the Court or any other Entity:

> **Article VIII.F**: *Injunction.* **Notwithstanding anything contained in the Plan to the contrary, on the Confirmation Date and effective as of the Effective Date and to the fullest extent authorized by applicable law, all Entities who have held, hold, or may hold Claims or Interests that have been released pursuant to the Plan, compromised and settled pursuant to the Plan, or are exculpated pursuant to the Plan, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtor, First Bank, the Reorganized Debtor, the Released Parties, or the Exculpated Parties, or their respective property (collectively, the "Enjoined Actions"): (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claim or Interest; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the Estate of such Entities on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claims or Interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such entities on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claims or Interests unless such entity has timely filed a Proof of Claim with the Bankruptcy Court preserving such right of setoff, subrogation, or recoupment; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such released, compromised, settled, or exculpated Claims or Interests. Any Entity receiving a distribution under the Plan on account of any Claim shall be deemed to have waived any right to such Claim as against any third party and shall be enjoined from pursuing such Claim as against any Entity other than the Debtor's Estate; <u>provided</u> that the foregoing**

**injunction does not enjoin any actions against any Released Party to enforce obligations arising on or after the Effective Date of any party under the Plan or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.**

11. The TruPS Amendments will be deemed immediately effective as of the Effective Date by operation of law, and the TruPS Documents, as amended by the TruPS Amendments, will govern for all purposes after the Effective Date.

12. If any or all of the provisions of this Confirmation Order are later reversed, modified, or vacated by subsequent order of any court, such reversal, modification, or vacatur will not affect the validity of the acts or obligations incurred or undertaken under, or in connection with, the Plan prior to the Debtor's receipt of written notice of such order. Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacatur will be governed in all respects by the provisions of this Confirmation Order, the Plan (including amendments or modifications thereto), and all related documents.

13. In accordance with Bankruptcy Rules 2002(f)(7) and 3020(c)(2), the Debtor or Reorganized Debtor, as applicable, will serve a notice of the entry of this Confirmation Order and notice of the occurrence of the Effective Date upon all parties listed in the creditor matrix and any additional person or entity as determined appropriate by the Debtor or Reorganized Debtor, as applicable, no later than five Business Days after the Effective Date.

14. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Confirmation Order and in accordance with the Plan.

15. The Court will host a status conference at 10:30 a.m., prevailing Central Time, on June 10, 2015 *in Courtroom 742, 219 S. Dearborn St., Chicago, Illinois*

16. Notwithstanding the possible applicability of Bankruptcy Rules 3020(e), 6004, or 7062, the terms and conditions of this Confirmation Order will be immediately effective and enforceable upon its entry.

Dated: May 21, 2015
Chicago, Illinois

_____
The Honorable Carol A. Doyle
United States Bankruptcy Judge