# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| NORTHWEST BANCORPORATION OF ILLINOIS, INC.,[1] | ) | Case No. 15-15245 (CAD) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

## NOTICE OF FINAL FEE APPLICATION OF KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL LLP, ATTORNEYS FOR THE DEBTOR AND DEBTOR IN POSSESSION, FOR THE PERIOD FROM APRIL 29, 2015 THROUGH AND INCLUDING JULY 1, 2015

**PLEASE TAKE NOTICE** Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively, "K&E") has filed the ***Final Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtor and Debtor in Possession, for the Period from April 29, 2015 Through and Including July 1, 2015*** (the "Final Fee Application").

**PLEASE TAKE FURTHER NOTICE** that K&E has requested a hearing on the Application on **August 26, 2015, at 10:00 a.m., (prevailing Central Time)** or as soon thereafter as counsel may be heard before the Honorable Carol A. Doyle or any other judge who may be sitting in her place and stead, in Courtroom 742 in the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, at which time you may appear if you deem fit.

**PLEASE TAKE FURTHER NOTICE** that any objection to the Final Fee Application must be filed with the Court, and served so as to be actually received by each of the following entities, by **August 19, 2015, at 4:00 p.m. (prevailing Central Time)**:  (a) proposed counsel to the Debtor; (b) the Office of the U.S. Trustee for the Northern District of Illinois; and (c) any party that has requested notice pursuant to Bankruptcy Rule 2002.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application as well as copies of all documents filed in the chapter 11 case are available by visiting the Court's website at www.ilnb.uscourts.gov in accordance with the procedures and fees set forth therein.

---

[1]   The Reorganized Debtor in this chapter 11 case, along with the last four digits of the Reorganized Debtor's federal tax identification number is:  Northwest Bancorporation of Illinois, Inc. (0422).  The location of the Reorganized Debtor's corporate headquarters and the service address for the Reorganized Debtor is:  300 East Northwest Highway, Palatine, IL 60067.

Dated:  July 29, 2015
Chicago, Illinois

*/s/ David R. Seligman, P.C.*
James H.M. Sprayregen, P.C.
David R. Seligman, P.C.
Brad Weiland
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtor
and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NORTHWEST BANCORPORATION | ) | Case No. 15-15245 (CAD) |
| OF ILLINOIS, INC.,[1] | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

**SUMMARY COVER SHEET TO THE FINAL**
**FEE APPLICATION OF KIRKLAND & ELLIS LLP**
**AND KIRKLAND & ELLIS INTERNATIONAL LLP, ATTORNEYS**
**FOR THE DEBTOR AND DEBTOR IN POSSESSION, FOR THE**
**PERIOD FROM APRIL 29, 2015 THROUGH AND INCLUDING JULY 1, 2015**

In accordance with the Local Bankruptcy Rules for the Northern District of Illinois (the "Local Bankruptcy Rules"), Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively, "K&E"), attorneys for the above-captioned debtor and debtor in possession (the "Debtor"), submits this summary (this "Summary") of fees and expenses sought as actual, reasonable, and necessary in the fee application to which this Summary is attached (the "Fee Application")[2] for the period from April 29, 2015 through July 1, 2015 (the "Fee Period").

| *General Information* | |
|---|---|
| Name of Applicant: | Kirkland & Ellis LLP and Kirkland & Ellis International LLP |
| Authorized to Provide Services to: | Northwest Bancorporation of Illinois, Inc. |
| Petition Date: | April 29, 2015 |

---

[1] The Reorganized Debtor in this chapter 11 case is Northwest Bancorporation of Illinois, Inc.; the last four digits of the Reorganized Debtor's federal tax identification number are: 0422. The location of the Reorganized Debtor's headquarters and the service address for the Reorganized Debtor is: 300 East Northwest Highway, Palatine, Illinois 60067.

[2] Capitalized terms used but not otherwise defined in this Summary shall have the meanings ascribed to such terms in the Fee Application.

Date of Debtor's Application
to Retain K&E:[3]                                    July 29, 2015

**Summary of Fees and Expenses Sought in the Fee Application**

Period for Which Compensation and
Reimbursement is Sought in the Fee Application:        April 29, 2015 through July 1, 2015

Amount of Compensation Sought as Actual,
Reasonable, and Necessary for the Fee Period:          $274,203.50

Amount of Expense Reimbursement Sought as
Actual, Reasonable, and Necessary for the Fee Period:  $17,141.00

Total Compensation and Expense
Reimbursement Requested for the Fee Period:            $291,344.50

Dated:  July 29, 2015                    /s/ David R. Seligman, P.C.
Chicago, Illinois                        James H.M. Sprayregen, P.C.
                                         David R. Seligman, P.C.
                                         Brad Weiland
                                         **KIRKLAND & ELLIS LLP**
                                         300 North LaSalle
                                         Chicago, Illinois 60654
                                         Telephone:    (312) 862-2000
                                         Facsimile:    (312) 862-2200

                                         *Proposed Counsel to the Debtor*
                                         *and Debtor in Possession*

---

[3]    Contemporaneously herewith, the Reorganized Debtor filed the *Reorganized Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtor and Debtor in Possession Effective Retroactive to the Petition Date* requesting Court approval for the retention and employment of K&E in this chapter 11 case.

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| NORTHWEST BANCORPORATION | ) | Case No. 15-15245 (CAD) |
| OF ILLINOIS, INC.,[1] | ) |  |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**FINAL FEE APPLICATION OF KIRKLAND & ELLIS LLP AND**
**KIRKLAND & ELLIS INTERNATIONAL LLP, ATTORNEYS FOR**
**THE DEBTOR AND DEBTOR IN POSSESSION, FOR THE PERIOD**
**FROM APRIL 29, 2015 THROUGH AND INCLUDING JULY 1, 2015**

Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively, "K&E"),

attorneys for the above-captioned reorganized debtor (the "Reorganized Debtor" and before the

Effective Date of the Plan (as such terms are defined herein) the "Debtor"), hereby submits its

interim fee application (the "Fee Application") for allowance of compensation for professional

services provided in the amount of $274,203.50 and reimbursement of actual and necessary

expenses in the amount of $17,141.00 that K&E incurred for the period from April 29, 2015

through July 1, 2015 (the "Fee Period"). In further support of this Fee Application, K&E

respectfully states as follows.

**Jurisdiction**

1.       The United States Bankruptcy Court for the Northern District of Illinois

(the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a

core proceeding pursuant to 28 U.S.C. § 157(b)(2).

---

[1]      The Reorganized Debtor in this chapter 11 case is Northwest Bancorporation of Illinois, Inc.; the last four digits
of the Reorganized Debtor's federal tax identification number are:  0422.  The location of the Reorganized
Debtor's headquarters and the service address for the Reorganized Debtor is:  300 East Northwest Highway,
Palatine, Illinois 60067.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are section 330 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "Local Bankruptcy Rules").

## **Background**

4.      The Reorganized Debtor is a bank holding company that owns 100 percent of the outstanding shares of First Bank and Trust Company of Illinois ("First Bank"), a single-branch bank in Palatine, Illinois.  First Bank, which has retail and commercial banking operations, is not a debtor in this chapter 11 case and continues to operate in the ordinary course of business.

5.      Prior to April 29, 2015 (the "Petition Date"), following extensive discussions and arms'-length negotiations with certain of its key stakeholders, the Debtor reached an agreement on the terms of a consensual balance-sheet restructuring to be effectuated through a prepackaged chapter 11 bankruptcy filing.  On April 1, 2015, the Debtor commenced solicitation of its prepackaged chapter 11 plan.  All voting creditors voted to accept the plan.

6.      On the Petition Date, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is operating its business and managing its properties as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No party has requested the appointment of a trustee or examiner in this chapter 11 case, and the United States Trustee for the Northern District of Illinois (the "U.S. Trustee") has not appointed a statutory committee of unsecured creditors in this chapter 11 case.

7.      On the Petition Date, the Debtor simultaneously filed the *Debtor's Prepackaged Chapter 11 Plan of Reorganization* [Docket No. 3] (as amended, supplemented, or modified

2

from time to time in accordance with the terms thereof, the "Plan")[2] and the *Disclosure Statement for Debtor's Prepackaged Chapter 11 Plan of Reorganization* [Docket No. 4] (as amended, supplemented, or modified from time to time in accordance with the terms thereof, the "Disclosure Statement"). On May 21, 2015, the Court entered the *Order Approving the Debtor's Disclosure Statement for, and Confirming, the Debtor's Prepackaged Chapter 11 Plan of Reorganization* [Docket No. 45] (the "Confirmation Order"). On July 1, 2015, the effective date under the Plan occurred.

### Preliminary Statement

8.      During the Fee Period, K&E represented the Debtor professionally and diligently, advising it on a variety of complex matters and issues, as a result of which the Debtor took action to maximize the value of its estate for the benefit of all parties in interest.

9.      In less than 25 days from the Petition Date, the Debtor successfully used the chapter 11 process to confirm the Plan. The Plan, which became effective on July 1, 2015, implemented the Debtor's specific restructuring goals of: (a) substantially deleveraging its capital structure; (b) postponing interest payments due and outstanding under the Debtor's trust preferred securities ("TruPS"), and (c) ultimately making the Debtor more attractive for a sale transaction that will result in a new owner of the Reorganized Debtor and recapitalize the Debtor and its principal asset, First Bank.

10.      Prior to the Petition Date, K&E, on behalf of the Debtor, engaged in months of extensive, good-faith negotiations with the Debtor's key stakeholders, including owners of the majority of the interests in the Debtor (the "Majority Interests"), certain holders of the TruPS (the "TruPS Support Parties"), and First Bank's key management (the "Management Support

---

[2]      Capitalized terms used but not otherwise defined in this Fee Application shall have the meanings ascribed to such terms in the Plan.

Parties"). These collaborative discussions resulted in the development of a consensual restructuring transaction, fully supported by those parties eligible to vote on the Plan, to deleverage the Debtor's capital structure and assist the Debtor in achieving its restructuring goals through the Plan.

11.     To evidence their support for this restructuring, on March 31, 2015, the Debtor, the Majority Interests, the TruPS Support Parties, and the Management Support Parties negotiated and executed a plan support agreement (the "Plan Support Agreement") that included certain key milestones and structures to facilitate a quick and comprehensive restructuring.

12.     Following the execution of the Plan Support Agreement, the Debtor, with the assistance of K&E, commenced solicitation of the Plan on April 1, 2015 and established April 28, 2015 as the deadline for holders of claims in the voting class to vote to accept or reject the Plan. All parties that voted on the Plan voted unanimously to accept the Plan. With this unanimous support, and in accordance with the terms of the Plan Support Agreement, the Debtor, with K&E's assistance, commenced this chapter 11 case on April 29, 2015.

13.     During the Fee Period, K&E assisted the Debtor in managing the chapter 11 process, coordinating with the U.S. Trustee and other parties in interest, negotiating key terms to the Plan and related amendments to the TruPS, and swiftly and effectively moving towards the confirmation and consummation of the Debtor's Plan, all within the expeditious timeline originally established by the Plan Support Agreement.

14.     The success of this chapter 11 case and the timely satisfaction of the Debtor's restructuring goals is directly attributable to the extensive efforts of the Debtor's management and advisors, including K&E. K&E respectfully submits that the compensation and expense reimbursement sought herein for the necessary and beneficial professional services K&E

4

provided to the Debtor during the Fee Period is reasonable and appropriate, commensurate with the market and the scale, nature, and complexity of this chapter 11 case, and should be allowed on a final basis.

## Case Status Summary

15.     The Court confirmed the Plan on May 21, 2015 (the "Confirmation Date").  The Plan was substantially consummated on July 1, 2015 (the "Effective Date"), and the Debtor emerged from chapter 11 as a reorganized enterprise.

## The Debtor's Retention of K&E

16.     Contemporaneously herewith, the Reorganized Debtor filed the *Reorganized Debtor's Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtor and Debtor in Possession Effective Retroactive to the Petition Date* (the "Retention Application"). The Retention Application requests Court authorization for the Debtor to compensate and reimburse K&E in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.  The Retention Application also requests authorization for the Debtor to compensate K&E at K&E's hourly rates charged for services of this type and to reimburse K&E for K&E's actual and necessary out-of-pocket expenses incurred, subject to application to this Court.  The particular terms of K&E's engagement are detailed in the engagement letter by and between K&E and the Debtor, effective as of July 9, 2014, (the "Engagement Letter").

17.     The Retention Application requests authorization for K&E to provide the following services consistent with and in furtherance of the services enumerated above:

a.     advising the Debtor with respect to its powers and duties as a debtor in possession in the continued management and operation of its businesses and properties;

b.     advising and consulting on the conduct of this chapter 11 case, including all of the legal and administrative requirements of operating in chapter 11;

c.     attending meetings and negotiating with representatives of creditors and other parties in interest;

d.     taking all necessary actions to protect and preserve the Debtor's estate, including prosecuting any actions on the Debtor's behalf, defending any action commenced against the Debtor, and representing the Debtor in negotiations concerning any litigation in which the Debtor becomes involved, including objections to claims filed against the Debtor's estate;

e.     preparing pleadings in connection with this chapter 11 case, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtor's estate;

f.     representing the Debtor in connection with obtaining authority to continue using cash collateral and postpetition financing;

g.     advising the Debtor in connection with any potential sale of assets;

h.     appearing before the Court and any appellate courts to represent the interests of the Debtor's estate;

i.     advising the Debtor regarding tax matters;

j.     taking any necessary action on behalf of the Debtor to negotiate, prepare, and obtain approval of its disclosure statement and confirmation of its prepackaged chapter 11 plan (or any other chapter 11 plan) and all documents related thereto; and

k.     performing all other necessary legal services for the Debtor in connection with the prosecution of this chapter 11 case, including (to the extent necessary or appropriate): (i) analyzing the Debtor's leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtor; and (iii) advising the Debtor on corporate and litigation matters.

### Disinterestedness of K&E

18.    To the best of the Debtor's knowledge and as disclosed in the *Declaration of*

*David R. Seligman in Support of the Reorganized Debtor's Application for Entry of an Order*

*Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtor and Debtor in Possession Effective Retroactive to the Petition Date*, filed contemporaneously herewith, (the "K&E Declaration"), (a) K&E is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtor's estate and (b) K&E has no connection to the Debtor, its creditors, or other parties in interest, except as may be disclosed in the K&E Declaration.

19.     K&E may have in the past represented, may currently represent, and likely in the future will represent parties in interest in connection with matters unrelated to the Debtor in this chapter 11 case.  In the K&E Declaration, K&E disclosed its connections to parties in interest that it has been able to ascertain using its reasonable efforts.

20.     K&E performed the services for which it is seeking compensation on behalf of the Debtor and its estate, and not on behalf of any committee, creditor, or other entity.

21.     Except to the extent of the advance payments paid to K&E that K&E previously disclosed to this Court in the K&E Declaration, K&E has received no payment and no promises for payment from any source other than the Debtor for services provided or to be provided in any capacity whatsoever in connection with this chapter 11 case.

22.     Pursuant to Bankruptcy Rule 2016(b), K&E has not shared, nor has K&E agreed to share (a) any compensation it has received or may receive with another party or person other than with the partners, counsel, and associates of K&E or (b) any compensation another person or party has received or may receive.

## Fees and Expenses Incurred During Fee Period

**A.     Customary Billing Disclosures**.

23.     K&E's hourly rates are set at a level designed to compensate K&E fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  The hourly rates and corresponding rate structure utilized by K&E in this chapter 11 case are equivalent to the hourly rates and corresponding rate structure used by K&E for other restructuring matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required.  The rates and rate structure reflect that such restructuring and other complex matters typically are national in scope and typically involve great complexity, high stakes, and severe time pressures.

**B.     Fees Incurred During Fee Period**.

24.     In the ordinary course of K&E's practice, K&E maintains computerized records of the time expended to render the professional services required by the Debtor and its estate. For the convenience of the Court and all parties in interest, attached hereto as **Exhibit C** is a summary of fees incurred and hours expended during the Fee Period, setting forth the following information:

- the name of each attorney and paraprofessional for whose work on this chapter 11 case compensation is sought;

- each attorney's year of bar admission and area of practice concentration;

- the aggregate time expended and fees billed by each attorney and each paraprofessional during the Fee Period;

- the hourly billing rate for each attorney and each paraprofessional at K&E's current billing rates; and

- the number of rate increases since the inception of the case.

8

C.      **Expenses Incurred During Fee Period**.

25.      In the ordinary course of K&E's practice, K&E maintains a record of expenses incurred in the rendition of the professional services required by the Debtor and its estate and for which reimbursement is sought.  K&E currently charges $0.16 per page for standard duplication in its offices in the United States.  K&E does not charge its clients for incoming facsimile transmissions.

26.      For the convenience of the Court and all parties in interest, attached hereto as **Exhibit D** is a summary for the Fee Period, setting forth the total amount of reimbursement sought with respect to each category of expenses for which K&E is seeking reimbursement.

### Summary of Legal Services Rendered During the Fee Period

27.      As discussed above, during the Fee Period, K&E provided extensive and important professional services to the Debtor in connection with this chapter 11 case.  These services were often performed under severe time constraints and were necessary to address a multitude of critical issues both unique to this chapter 11 case and typically faced by corporate debtors in similar cases of this complexity.

28.      To provide a meaningful summary of K&E's services provided on behalf of the Debtor and its estate, K&E has established, in accordance with its internal billing procedures, certain subject matter categories (each, a "Matter Category") in connection with this chapter 11 case.  The following is a summary of the fees and hours billed for each Matter Category in the Fee Period:

| Matter Number | Matter Description | Total Billed Hours | Total Fees Requested |
|---|---|---|---|
| 5 | Case Administration | 44.60 | $24,725.00 |
| 6 | Claims Administration and Objections | 13.50 | $6,787.00 |
| 7 | Corporate and Securities Matters | 67.90 | $62,145.50 |
| 8 | Creditors Communications | 9.60 | $7,890.00 |

9

| Matter Number | Matter Description | Total Billed Hours | Total Fees Requested |
|---|---|---|---|
| 9 | Executory Contracts | 5.50 | $2,589.00 |
| 10 | First Day Pleadings | 43.40 | $25,512.00 |
| 11 | Hearings | 45.10 | $24,223.00 |
| 12 | K&E Fee Applications | 33.90 | $16,516.00 |
| 13 | Plan/Disclosure Statement | 145.90 | $93,893.50 |
| 14 | Tax Issues | 7.50 | $5,947.50 |
| 15 | U.S. Trustee | 5.40 | $3,975.00 |

29.    The following is a summary, by Matter Category, of the most significant professional services provided by K&E during the Fee Period.  This summary is organized in accordance with K&E's internal system of matter numbers.   The detailed descriptions demonstrate that K&E was heavily involved in performing services for the Debtor on a daily basis, often including night and weekend work, to meet the needs of the Debtor's estate in this chapter 11 case.  A schedule setting forth a description of the Matter Categories utilized in this case, the number of hours expended by K&E partners, associates, and paraprofessionals by matter, and the aggregate fees associated with each matter is attached hereto as **Exhibit B**.

30.    In addition,  K&E's computerized records of time expended providing professional services to the Debtor and its estate are attached hereto as **Exhibit E**, and K&E's records of expenses incurred during the Fee Period in the rendition of professional services to the Debtor and its estate are attached as **Exhibit F**.

(a)    **Case Administration Matter No. 5**

Total Fees:    $24,725.00
Total Hours:    44.60

31.    This Matter Category includes time spent on a variety of tasks that were necessary to ensure the efficient and smooth administration of legal services related to the Debtor's chapter 11 case.  Specifically, K&E attorneys and paraprofessionals spent time:

(i)     managing and administering this chapter 11 case on a daily basis, including tracking critical dates;

(ii)    organizing and maintaining voluminous document files for this case;

(iii)   drafting, revising, and finalizing the Debtor's statements of financial affairs and related schedules;

(iv)    ensuring compliance with all of the other applicable requirements of the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules, and orders or procedures issued by the Court; and

(v)     conducting regular status conferences both internally and with the Debtor.

32.     Time billed to this Matter Category also includes work and meetings related to multiple matters such that the time cannot be easily allocated to one of the other matters.  In connection with the Debtor's filings during this chapter 11 case during the Fee Period, K&E prepared and organized the service and delivery of such filings to the Court, the U.S. Trustee, and other appropriate parties.

**(b)     Claims Administration and Objections Matter No. 6**

Total Fees:     $6,787.00
Total Hours:    13.50

33.     This Matter Category includes time K&E attorneys and paraprofessionals spent on matters related to claims administration and claims-related issues.  Specifically, K&E attorneys and paraprofessionals spent time preparing, publishing, and serving cure and bar date notices; and reviewing and analyzing filed proofs of claim.

**(c)     Corporate and Securities Matters Matter No. 7**

Total Fees:     $62,145.50
Total Hours:    67.90

34.     This Matter Category includes time spent by K&E attorneys related to corporate and securities issues regarding the Plan's treatment of claims and the Debtor's recapitalization.

11

Specifically, K&E attorneys spent time:

      (i)     reviewing and analyzing securities and mechanical issues related to the Debtor's recapitalization and preferred stock issuance;

      (ii)    drafting, revising, and reviewing materials regarding the Debtor's recapitalization and preferred stock issuance;

      (iii)   negotiating, drafting, and revising amendments to trust and indenture documents in accordance with the Plan terms; and

      (iv)   corresponding with creditors and federal regulators regarding the Plan.

    **(d)**    **Creditors Communications Matter No. 8**

      Total Fees:    $7,890.00
      Total Hours:  9.60

35.    This Matter Category includes time spent by K&E attorneys discussing and negotiating Plan and Disclosure Statement language with creditor constituencies.  K&E attorneys also corresponded with creditors regarding post-confirmation date documents and the Plan consummation process.

    **(e)**    **Executory Contracts Matter No. 9**

      Total Fees:    $2,589.00
      Total Hours:  5.50

36.    This Matter Category includes time spent by K&E attorneys and paraprofessionals examining issues related to the Debtor's executory contracts and unexpired leases.  Specifically, K&E attorneys and paraprofessionals spent time:

      (i)     researching and analyzing the Debtor's obligations under its various executory contracts; and

      (ii)    drafting, revising, preparing, and serving the executory contract cure notice to contract counterparties.

(f)    **First Day Pleadings Matter No. 10**

Total Fees:     $25,512.00
Total Hours:    43.40

37.    This Matter Category includes time spent by K&E attorneys and paraprofessionals related to drafting, revising, and negotiating the Debtor's first day pleadings. Specifically, K&E attorneys and paraprofessionals spent time:

(i)    drafting, revising, reviewing, and filing the Debtor's various first day and other operational pleadings;

(ii)   corresponding with the Debtor regarding the first day and other operational pleadings and the timeline for filing such pleadings; and

(iii)  discussing such first day and other operational pleadings with various parties in interest.

(g)    **Hearings Matter No. 11**

Total Fees:     $24,223.00
Total Hours:    45.10

38.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to preparing for and attending several hearings during the Fee Period (each a "Hearing" and, collectively, the "Hearings"), including preparing orders and binders related to Hearings, settling orders before and after Hearings, and corresponding with various parties in preparation for, and after the Hearings. These services also included conferences to discuss multiple matters scheduled for a specific Hearing and coordinating Hearing logistics. During the Fee Period, K&E attorneys and paraprofessionals spent considerable time preparing for and attending Hearings including:

(i)    preparing for and attending the first day hearing;

(ii)   conducting discussions, telephone conferences, and correspondence with the Debtor's other professional regarding issues related to the first day hearing;

(iii)    organizing documents and preparing binders for the first day hearing;

(iv)    preparing pleadings and conducting discussions, telephone conferences, and correspondence with the Debtor's other professional regarding issues related to subsequent hearings;

(v)    drafting talking points in anticipation of hearings; and

(vi)    preparing for and attending the confirmation hearing.

**(h)**     **K&E Fee Applications Matter No. 12**

Total Fees:    $16,516.00
Total Hours:   33.90

39.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to the retention of K&E as the Debtor's counsel, including, but not limited to, drafting and revising the Retention Application and analyzing potential conflicts associated with K&E's retention as the Debtor's counsel.

**(i)**     **Plan/Disclosure Statement Matter No. 13**

Total Fees:    $93,893.50
Total Hours:   145.90

40.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to developing a Disclosure Statement and the Plan in connection with this chapter 11 case. The fully-consensual Plan significantly reduces the Debtor's debt and provides a substantially healthier company to recapitalize after the Effective Date. Specifically, K&E attorneys and paraprofessionals spent time:

(i)    negotiating and addressing issues raised by the Debtor's key stakeholders related to the Plan, Disclosure Statement, and proposed confirmation order;

(ii)    revising the Plan and Disclosure Statement;

(iii)    negotiating and preparing the documents comprising the plan supplement [Docket No. 32];

14

(iv)    drafting the Debtor's brief in support of confirmation and the declarations in support thereof;

(v)    negotiating, drafting, and revising escrow agreements regarding the payment of professional fees in accordance with the Plan;

(vi)    drafting a proposed confirmation order which was entered by the Court on May 21, 2015 [Docket No. 45]; and

(vii)    negotiating, drafting, and revising closing materials in accordance with the Plan.

**(j)    Tax Issues Matter No. 14**

Total Fees:    $5,947.50
Total Hours:   7.50

41.    This Matter Category includes time spent by K&E attorneys conducting legal research, preparing correspondence and pleadings, and generally advising the Debtor on tax issues relating to or arising during the chapter 11 case.  During the Fee Period, K&E attorneys were responsible for researching and analyzing certain tax issues arising in connection with the Debtor's preferred stock election under the Plan.

**(k)    U.S. Trustee Matter No. 15**

Total Fees:    $3,975.00
Total Hours:   5.40

42.    This Matter Category includes time spent by K&E attorneys and paraprofessionals corresponding with the U.S. Trustee with respect to the following issues:

(i)    addressing the U.S. Trustee's comments to the Debtor's various pleadings and orders for relief;

(ii)    addressing the U.S. Trustee's comments to the Plan and Disclosure Statement and participating in telephone conferences associated therewith; and

(iii)    compiling forms related to the U.S. Trustee's quarterly reports.

## Actual and Necessary Expenses Incurred by K&E

43.     As set forth in **Exhibit F** attached hereto, and as summarized in **Exhibit D** attached hereto, K&E has incurred a total of $17,141.00 in expenses on behalf of the Debtor during the Fee Period.  These charges are intended to reimburse K&E's direct operating costs, which are not incorporated into the K&E hourly billing rates.  K&E charges external copying and computer research at the provider's cost without markup.  Only clients who actually use services of the types set forth in **Exhibit F** of this Fee Application are separately charged for such services.  The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services.

## Reasonable and Necessary Services Provided by K&E

**A.      Reasonable and Necessary Fees Incurred in Providing Services to the Debtor.**

44.     The foregoing professional services provided by K&E on behalf of the Debtor during the Fee Period were reasonable, necessary, and appropriate to the administration of this chapter 11 case and related matters.

45.     Many of the services performed by partners and associates of K&E were provided by K&E's Restructuring Group.  K&E has a prominent practice in this area and enjoys a national and international reputation for its expertise in financial reorganizations and restructurings of troubled companies, with over 90 attorneys focusing on this area of the law.  The attorneys at K&E have represented either the debtor or the creditors' committee or have acted as special counsel in many large chapter 11 cases.

46.     In addition, due to the facts and circumstances of this chapter 11 case, attorneys from K&E's corporate and tax groups were heavily involved with K&E's representation of the Debtor.  These practice groups also enjoy a national and international reputation for their

16

expertise.  Overall, K&E brings to this chapter 11 case a particularly high level of skill and knowledge, which inured to the benefit of the Debtor and all stakeholders.

**B.      Reasonable and Necessary Expenses Incurred in Providing Services to the Debtor.**

47.      The time constraints imposed by the circumstances of this chapter 11 case required K&E attorneys and other employees to devote substantial time during the evenings and on weekends to perform services on behalf of the Debtor.  These services were essential to meet deadlines, respond to daily inquiries from various creditors and other parties in interest on a timely basis, and satisfy the demands of the Debtor's business and ensure the orderly administration of its estate.  Consistent with firm policy, and as further disclosed in the Retention Application, K&E attorneys and other K&E employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs.  K&E's regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of legal services.

48.      In addition, due to the location of the Debtor's business, creditors, and other parties in interest in relation to K&E's offices, frequent multi-party telephone conferences involving numerous parties were required.   On many occasions, the exigencies and circumstances of this chapter 11 case required overnight delivery of documents and other materials.  The disbursements for such services are not included in K&E's overhead for the purpose of setting billing rates and K&E has made every effort to minimize its disbursements in this chapter 11 case.   The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtor in this chapter 11 case.

49.      Among other things, K&E makes sure that all overtime meals, travel meals, hotel

17

rates, and airfares are reasonable and appropriate expenses for which to seek reimbursement. Specifically, K&E regularly reviews its bills to ensure that the Debtor is only billed for services that were actual and necessary and, where appropriate, prorates expenses.  In that regard, K&E will waive certain fees and reduce its expenses if necessary.  In the Fee Period, K&E voluntarily reduced its fees by $4,178.50 and expenses by $835.53.  Consequently, K&E does not seek payment of such fees or reimbursement of such expenses in the Fee Application.

### K&E's Requested Compensation and Reimbursement Should be Allowed

50.     Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).   Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (a)     the time spent on such services;
>
> (b)     the rates charged for such services;
>
> (c)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (e)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

51.     K&E respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Debtor and its estate and were rendered to protect and preserve the Debtor's estate.  K&E further believes that it performed the services for the Debtor economically, effectively, and efficiently, and the results obtained benefited not only the Debtor, but also the Debtor's estate and the Debtor's constituents.  K&E further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtor, its estate, and all parties in interest.

52.     During the course of this chapter 11 case, K&E's hourly billing rates for attorneys ranged from $480.00 to $1,235.00.  The hourly rates and corresponding rate structure utilized by K&E in this chapter 11 case are equivalent to the hourly rates and corresponding rate structure used by K&E for restructuring, workout, bankruptcy, insolvency, and comparable matters, and similar complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.  K&E strives to be efficient in the staffing of matters.  These rates and the rate structure reflect that such matters are typically national in scope and involve great complexity, high stakes, and severe time pressures—all of which were present in this chapter 11 case.

53.     Moreover, K&E's hourly rates are set at a level designed to compensate K&E fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

54.     In sum, K&E respectfully submits that the professional services provided by K&E

19

on behalf of the Debtor and its estate during this chapter 11 case were necessary and appropriate given the complexity of this chapter 11 case, the time expended by K&E, the nature and extent of K&E's services provided, the value of K&E's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code.  Accordingly, K&E respectfully submits that approval of the compensation sought herein is warranted and should be approved.

### Reservation of Rights and Notice

55.     It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in the Fee Application.  K&E reserves the right to include such amounts in future fee applications.  In addition, K&E has provided notice of this Fee Application to:  (a) the U.S. Trustee, (b) the entities listed on the Consolidated List of Creditors Holding the 20 Largest Unsecured Claims; (c) First Bank; (d) the office of the Attorney General of the State of Illinois; (e) the Office of the United States Attorney for the Northern District of Illinois; (f) the Internal Revenue Service; (g) the Federal Reserve Bank of Chicago; (h) the Federal Deposit Insurance Corporation; (i) the Illinois Department of Financial and Professional Regulation, Division of Banking; (j) the indenture trustees for each of the Debtor's series of trust preferred securities; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002 (together, the "Notice Parties").

### No Prior Request

56.     No prior application for the relief requested herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

20

WHEREFORE, K&E respectfully requests that the Court enter an order (a) awarding K&E interim compensation for professional and paraprofessional services provided during the Fee Period in the amount of $274,203.50, and reimbursement of actual, reasonable and necessary expenses incurred in the Fee Period in the amount of $17,141.00; (b) authorizing and directing the Debtor to remit payment to K&E for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

Dated:  July 29, 2015
Chicago, Illinois

*/s/ David R. Seligman, P.C.*
James H.M. Sprayregen, P.C.
David R. Seligman, P.C.
Brad Weiland
**KIRKLAND & ELLIS LLP**
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

*Proposed Counsel to the Debtor
and Debtor in Possession*

## Exhibit A

**Proposed Order**