**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NORTHWEST BANCORPORATION | ) Case No. 15-15245 (CAD) |
| OF ILLINOIS, INC.,[1] | ) |
| | ) |
| Reorganized Debtor. | ) |
| | ) |

**NOTICE OF MOTION FOR**
**FINAL DECREE AND ORDER CLOSING CHAPTER 11 CASE**

**PLEASE TAKE NOTICE** that on July 29, 2015, the above-captioned reorganized debtor (the "Reorganized Debtor") filed the *Motion for Final Decree and Order Closing Chapter 11 Case* (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that the Reorganized Debtor has requested a hearing on the Motion on **August 26, 2015, at 10:00 a.m., (prevailing Central Time)** or as soon thereafter as counsel may be heard before the Honorable Carol A. Doyle or any other judge who may be sitting in her place and stead, in Courtroom 742 in the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, at which time you may appear if you deem fit.

**PLEASE TAKE FURTHER NOTICE** that the hearing date and time once determined as well as copies of all documents are available by visiting the Court's website at www.ilnb.uscourts.gov in accordance with the procedures and fees set forth therein.

---

[1] The Reorganized Debtor in this chapter 11 case is Northwest Bancorporation of Illinois, Inc.; the last four digits of the Reorganized Debtor's federal tax identification number are: 0422. The location of the Reorganized Debtor's headquarters and the service address for the Reorganized Debtor is: 300 East Northwest Highway, Palatine, Illinois 60067.

KE 36395453

| | |
|---|---|
| Dated: July 29, 2015<br>Chicago, Illinois | */s/ David R. Seligman, P.C.*<br>James H.M. Sprayregen, P.C.<br>David R. Seligman, P.C.<br>Brad Weiland<br>**KIRKLAND & ELLIS LLP**<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Telephone:     (312) 862-2000<br>Facsimile:     (312) 862-2200<br><br>*Proposed Counsel to the Debtor<br>and Debtor in Possession* |

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 <br> ) |
| NORTHWEST BANCORPORATION <br> OF ILLINOIS, INC.,[1] | ) Case No. 15-15245 (CAD) <br> ) |
| Reorganized Debtor. | ) <br> ) <br> ) |

**MOTION FOR
FINAL DECREE AND ORDER CLOSING CHAPTER 11 CASE**

The above-captioned reorganized debtor (the "Reorganized Debtor" and before the Effective Date of the Plan (as such terms are defined herein) the "Debtor"), respectfully states as follows in support of this motion (the "Motion"):

1. By this Motion, the Reorganized Debtor respectfully requests that the Court enter a final decree, substantially in the form attached hereto as **Exhibit A**, closing this chapter 11 case.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Article XI of the Plan. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are section 350 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of

---

[1] The Reorganized Debtor in this chapter 11 case is Northwest Bancorporation of Illinois, Inc.; the last four digits of the Reorganized Debtor's federal tax identification number are: 0422. The location of the Reorganized Debtor's headquarters and the service address for the Reorganized Debtor is: 300 East Northwest Highway, Palatine, Illinois 60067.

KE 36395453                                      3

the United States Bankruptcy Court for the Northern District of Illinois (the "Local Bankruptcy Rules").

5.      The Reorganized Debtor is a bank holding company that owns 100 percent of the outstanding shares of First Bank and Trust Company of Illinois ("First Bank"), a single-branch bank in Palatine, Illinois. First Bank, which has retail and commercial banking operations, is not a debtor in this chapter 11 case and continues to operate in the ordinary course of business.

6.      Prior to April 29, 2015 (the "Petition Date"), following extensive discussions and arms'-length negotiations with certain of its key stakeholders, the Debtor reached an agreement on the terms of a consensual balance-sheet restructuring to be effectuated through a prepackaged chapter 11 bankruptcy filing. On April 1, 2015, the Debtor commenced solicitation of its prepackaged chapter 11 plan. All voting creditors voted to accept the plan.

7.      On the Petition Date, the Debtor filed a voluntary petition with the Court under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its businesses and manage its properties as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in this chapter 11 case, and the United States Trustee for the Northern District of Illinois (the "U.S. Trustee") has not appointed a statutory committee of unsecured creditors in this chapter 11 case.

8.      On May 19, 2015, the Debtor filed the *Debtor's Prepackaged Chapter 11 Plan of Reorganization (With Technical Modifications)* [Docket No. 36] (the "Plan"). On May 21, 2015, the Court entered an order approving the Debtor's disclosure statement and confirming the Plan [Docket No. 45]. On July 1, 2015, the Plan became effective (the "Effective Date") [Docket No. 51].

9. On and after the Effective Date, as set forth in the Plan, all assets of the Debtor vested in the Reorganized Debtor. *See* Plan Art. IV.H.

10. As required by Local Bankruptcy Rule 3022-1, the status of distributions due to each class under the confirmed Plan is set forth below. The Plan provided that claimants holding Allowed Claims[2] in Class 3 could elect to receive (a) the Non-Electing TruPS Distribution or (b) the Electing TruPS Distribution. *See* Plan Art. III.B.3. On or about July 1, 2015, distributions were made to claimants as set forth in detail in the table below:

| Class | Treatment | Status of Distributions |
|---|---|---|
| 1—Other Priority Claims | Unimpaired | All Class 1 claimants have received payment in full in cash. |
| 2—Secured Claims | Unimpaired | No distributions (no Allowed Claims in this Class). |
| 3—TruPS Claims | Impaired | One Class 3 claimant did not make the TruPS Election and received Senior Amended TruPS in the aggregate principal amount of $800,000.<br><br>The remaining Class 3 claimants made the TruPS Election and received a pro rata share of Junior Amended TruPS, subject to the Electing TruPS Management Contribution and the Electing TruPS Swap. |
| 4—General Unsecured Claims | Unimpaired | All Class 4 claimants have received payment in full in cash. |
| 5—Section 510(b) Claims | Impaired | No distributions (all Claims cancelled on the Effective Date). |
| 6—Majority Interests | Impaired | No distributions (reinstated as of the Effective Date subject in all respects to the Recapitalization Right to Purchase). |
| 7—Minority Interests | Impaired | No distributions (discharged under Plan). |

---

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

11. Any remaining matters related to this chapter 11 case are scheduled to be heard by the time of the Court's hearing on this Motion. Additionally, the U.S. Trustee will receive a check for any remaining outstanding fees, if any, at the time of the hearing on this Motion. Thus, there are no further actions to be taken under the Plan.

12. In light of the foregoing, the Reorganized Debtor submits that the Estate has been substantially consummated and respectfully requests that this chapter 11 case be closed and the Final Decree entered. The proposed Final Decree will relieve the Court, the U.S. Trustee, and the Reorganized Debtor of the administrative burdens relating to this chapter 11 case and will allow the Reorganized Debtor to avoid incurring further quarterly fees under 28 U.S.C. § 1930.

13. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

14. The term "fully administered" is not defined by either the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee's Note to the 1991 amendment of Rule 3022, however, sets forth a nonexclusive list of factors to be considered when evaluating whether an estate has been fully administered, as follows:

    a. whether the order confirming the plan has become final;

    b. whether deposits required by the plan have been transferred;

    c. whether the property proposed by the plan to be transferred has been transferred;

    d.    whether the debtor or the successor of the debtor under the plan has assumed the business or management of the property dealt with by the plan;

    e.    whether payments under the plan have commenced; and

    f.    whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022 advisory committee's note (1991); *see also In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990) (holding that the factors listed in the advisory committee's note are "illuminative" but noting that "all of the factors in the [note] need not be present before the Court will enter a final decree").

15.    Courts have held that a bankruptcy estate is "fully administered" when the plan has been substantially consummated as defined by section 1101(2) of the Bankruptcy Code. *See In re BankEast Corp.*, 132 B.R. 665, 668 n.3 (Bankr. D.N.H. 1991). To determine whether a bankruptcy estate has been substantially consummated for purposes of entering a final decree, a court may apply the requirements established by section 1101(2) of the Bankruptcy Code to the case sought to be closed. *See Walnut Assoc. v. Saidel*, 164 B.R. 487, 492 (E.D. Pa. 1994). Section 1101(2) defines substantial consummation as follows:

    a.    transfer of all or substantially all of the property proposed by the plan to be transferred;

    b.    assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

    c.    commencement of distributions under the plan.

16.    Courts have also found that it is not necessary to have completed a final distribution under a plan of reorganization to close a case. *See, e.g.*, *JMP-Newcor International*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998); *Jay Bee Enterprises*, 207 B.R. 536, 539 (Bankr. E.D. Ky. 1997).

17. The Reorganized Debtor's Estate has been fully administered in this chapter 11 case, making it appropriate for the Court to enter a final decree closing the case. The confirmation order is final and non-appealable, and the Reorganized Debtor has assumed the business and management of the property addressed by the Plan. Any remaining matters related to this chapter 11 case are scheduled to be heard by the time of the Court's hearing on this Motion. Thus, the Court's role in administering this case is essentially complete. Accordingly, the Reorganized Debtor believes that its Estate has been fully administered within the meaning of section 350(a) of the Bankruptcy Code.

18. Therefore, the Reorganized Debtor respectfully requests that this Court enter the Final Decree closing this chapter 11 case.

19. Pursuant to Local Bankruptcy Rule 3022-1, the Reorganized Debtor has provided notice of this Motion to: (a) the Office of the U.S. Trustee; (b) all creditors; and (c) any persons who have filed a request for notice in this chapter 11 case pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Reorganized Debtor respectfully submits that no other or further notice is necessary.

20. No prior motion for the relief requested herein has been made to this or any other court.

*[Remainder of page intentionally left blank.]*

WHEREFORE, the Reorganized Debtor respectfully requests that the Court enter a final decree and order, substantially in the form attached hereto as **Exhibit A**, closing this chapter 11 case and granting such other relief as is just and proper.

| | |
|---|---|
| Dated: July 29, 2015 | */s/ David R. Seligman, P.C.* |
| | James H.M. Sprayregen, P.C. |
| | David R. Seligman, P.C. |
| | Brad Weiland |
| | **KIRKLAND & ELLIS LLP** |
| | 300 North LaSalle |
| | Chicago, Illinois 60654 |
| | Telephone: (312) 862-2000 |
| | Facsimile: (312) 862-2200 |
| | |
| | *Proposed Counsel to the Debtor* |
| | *and Debtor in Possession* |

# Exhibit A

## Proposed Final Decree

KE 36395453